[Civ. No. 7429.  First Appellate District, Division One.—January 26, 1932.]

CLARA McGARRY, a Minor, etc., Appellant, v. DANIEL K. COYLE, Respondent.

Wensinger F. Mahoney, Dozier & Kimball and Christian F. Kimball for Appellant.

Robert L. McWilliams for Respondent.

TYLER, P. J.—Action for personal injuries.

The appeal is from a judgment in favor of defendant. Plaintiff is the eight year old minor daughter of Neil Mc-Garry, who is her guardian *ad litem*. The complaint is in two counts. The first charges in substance that the personal injuries suffered by the minor child were inflicted upon

her when she was crossing Geary Street at Twenty-fourth Avenue, as a pedestrian, by the negligence of defendant, in that such defendant carelessly drove his automobile and struck plaintiff, fracturing her skull and right pelvis bone, shocking her spine and nervous system and injuring her brain. The second count is based upon the theory that defendant had the last clear chance to avoid seriously injuring the child after she had been knocked down by and was lying under defendant's machine. This count alleges that while Clara McGarry was in such position and after the automobile had been brought to a stop, defendant carelessly and negligently started it and ran over and across the body of said minor, so that the right-hand wheel thereof passed over her chest and body inflicting permanent and serious injuries.

The defendant by his answer denied negligence and alleged that plaintiff was guilty of contributory negligence in that she failed to use ordinary care to protect herself from injury, and carelessly and negligently ran, without looking in either direction for approaching automobiles, into and against defendant's car. The case was tried before the court sitting without a jury.

It appeared in evidence that the accident occurred on Sunday, April 15, 1928. The defendant was driving his automobile in an easterly direction on Geary Street. When he arrived at Twenty-fourth Avenue, the traffic was stopped by the signal. About the time the traffic signal changed to ''Go'', a west-bound municipal car stopped at its usual place (the northeast corner of the intersection) to discharge and receive passengers. When defendant proceeded to cross Twenty-fourth Avenue, he was traveling at the rate of six to eight miles an hour and continued proceeding in such direction on the tracks of the east-bound car, accelerating his speed to get into high gear. When he was about five or six feet behind the rear end of the street-car he was trailing, he saw plaintiff run out from behind this west-bound car. She was running very fast with her eyes on the pavement. Without altering his direction or sounding his horn, defendant called upon plaintiff to look out, and reached for and applied his emergency brake, but the car knocked her down and passed over her. Defendant felt the impact of her body as it hit the battery box located under his seat. He then stopped his automobile, shut off

the motor, pulled the emergency brake as far back as he could and put the car in gear to prevent it from going forward, there being a grade on Geary Street at this point. He looked out of the window but could see no trace of the child underneath the automobile. At this moment a witness to the accident called upon him to move a little ahead, stating that the car was on top of and crushing plaintiff. Without ascertaining the truth of the statement, defendant seated himself in his automobile, threw it out of gear into neutral, stepped on the starter, started his motor and pulled ahead a few feet, passing over the body of plaintiff.

An ordinance of the city was in evidence which provides that it shall be unlawful to drive any vehicle to the left of any safety zone established in the city if the roadway to the right of said safety zone is immediately available for travel.

At the conclusion of the case the trial court found that the defendant was without negligence and that the injuries sustained by plaintiff were due solely to her own carelessness and negligence. Judgment accordingly went in favor of defendant.

Appellant claims that the findings are not supported by the evidence. In this connection it is argued that defendant's original negligence, in passing to the left of the safety zone station and placing his automobile approximately on the east-bound car tracks, and thereafter driving past the standing west-bound car without sounding a warning, and at such a rate of speed that it was impossible to stop in time to avoid the accident, was clearly the proximate cause of the injury, and the accident was not due to the negligence of plaintiff in running from behind the car. ▉ There can be no question that it is the duty of an automobile operator, approaching a street-car which has stopped at a regular stopping place, to exercise very great care in passing, to avoid injuring persons alighting from or seeking to board the car. Such operator, in passing a street-car on the side opposite the car gates, is bound at his peril to anticipate the probable sudden appearance of persons around the rear end of the car, and must give signals of his approach and have his automobile under control as a precautionary measure to avoid injury to them. ▉ Guided by these principles, we might have reached

the conclusion that defendant should not have been exonerated, had we heard the evidence. However, the question was one for the trial court to determine considering all the facts and circumstances shown therefrom. It was for the court, as it would have been for a jury, to declare whether or not defendant was negligent or whether or not plaintiff, in running across the street in the manner in which she did, contributed to her injury. ██ Where there is conflict in the evidence, the question of negligence is obviously one of fact and the determination of such fact by the court or jury is conclusive on appeal. The triers of fact have a right to make any reasonable deduction which the admitted facts and undisputed testimony permit and even if there is no conflict in the evidence, if different minds could draw different conclusions therefrom, it is for the court or jury, as the case may be, to ascertain whether or not negligence is shown. The question is purely one of fact and we are powerless to change the decision for the purpose of reversing the judgment. (*Clopton* v. *Clopton*, 162 Cal. 27 [121 Pac. 720]; 19 Cal. Jur., p. 725.)

██ Appellant lays particular stress upon the act of defendant in passing to the left of the safety zone, it being claimed that the roadway to the right of the safety zone was available for travel. Whether or not this was so was one of the questions for the determination of the trial court. (*Langford* v. *San Diego Elec. Ry. Co.*, 174 Cal. 729 [164 Pac. 398]; *Scott* v. *Los Angeles Ry. Corp.*, 95 Cal. App. 704 [273 Pac. 95].)

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 25, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 24, 1932.