This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MARGETTE WEBSTER and DAVID WEBSTER**

Plaintiffs-Appellees,

**v.**                    **No. 34,535 Consolidated with 34,755**

**EMMA SERNA, d/b/a SERNA &**
**ASSOCIATES CONSTRUCTION**
**CO., L.L.C. a/k/a/ SERNA &**
**ASSOCIATES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

Alex Chisholm
Albuquerque, NM

for Appellees

Emma Serna
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}    Emma Serna d/b/a Serna & Associates Construction Co., L.L.C., a/k/a Serna &

Associates (Appellant) attempts to appeal from various district court orders. Both this

Court's first and second calendar notices proposed to affirm the district court. Appellant filed a memorandum in opposition to the second notice of proposed disposition as well as a letter and numerous pleadings in the form of requests and motions. We remain unpersuaded and affirm the district court.

{2}     We note that Appellant filed a notice of appeal from the district court's judgment adopting the arbitration award that was docketed under Court of Appeals Case No. 34,755. Because that appeal involves the same underlying action appealed from in this case, we consolidate the appeals by an accompanying order.

{3}     Initially, we address the numerous pleadings filed by Appellant with this Court. First, we do not consider Appellant's letter or "Answer to Appellee's Memorandum in Support of Summary Affirmance" because they do not conform with our Rules of Appellate Procedure regarding a proper response to a calendar notice. Rule 12-210(D)(3) NMRA provides for the filing of a memorandum in opposition "setting forth reasons why the proposed disposition should or should not be made and why the case should or should not be assigned to the summary calendar." We do not construe Appellant's letter and answer as conforming to this rule and limit our consideration to the assertions contained in the informal memorandum in opposition.

{4}     Appellant also filed numerous pleadings entitled as requests and motions, which we deny. Appellant filed a motion for the recusal of the calendaring judge asserting

bias on the basis that her refusals to perform Appellant's requests exhibit her bias and prejudice against Appellant. Appellant essentially alleges that the calendaring judge ruled contrary to her interest, which does not constitute bias. *See Albuquerque Bernalillo Cty. Water Util. Auth. v. N.M. Pub. Reg. Comm'n*, 2010-NMSC-013, ¶ 42, 148 N.M. 21, 229 P.3d 494 (indicating that it is well settled that "adverse rulings do not constitute bias"); *State v. Hernandez*, 1993-NMSC-007, ¶ 44, 115 N.M. 6, 846 P.2d 312 ("Personal bias cannot be inferred from an adverse ruling[.]"); *United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 425, 96 N.M. 155, 629 P.2d 231 ("Rulings adverse to a party do not necessarily evince a personal bias or prejudice on the part of the judge against it even if the rulings are later found to have been legally incorrect.").

{5}     Appellant also filed the following pleadings: (1) "Motion for Writ of Errors and Issues of Fraud by Arbitrators Vacate Award"; (2) "Evidence of the Voluntarily Accepting Something of Value that Influenced the Performance of the Officers of the Court," where she alleges that both the judge below and opposing counsel paid off their mortgages and need to be investigated for their corruption; (3) "Request for the Court to Overrule Both Arbitrations and Rule by the Enforced Contract," wherein she repeats the facts and procedural history leading up to the order to arbitrate and subsequent orders entered below; and (4) "Motion to Introduce the Following

Evidence," in which she makes allegations that she contends are proof of the corruption by the judge and opposing counsel below.

{6} We deny Appellant's requests and motions. The motions fail to comply with Rule 12-309(C) NMRA, which requires the moving party to recite whether any other party opposes the motion or why the other party's position was not obtained. *See Newsome v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327 ("Although pro se pleadings are viewed with tolerance, a pro se litigant, having chosen to represent himself [or herself], is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." (internal citation omitted)). In addition, they assert the same arguments Appellant continues to repeat concerning her claims of error by the district court below in acting without jurisdiction and this Court's failure to prohibit the arbitration from occurring and to investigate the alleged fraud by opposing counsel, the two arbitrators, and the presiding judge below. These arguments were addressed in the first and second calendar notices, to which Appellant had an opportunity to respond in her memorandum in opposition. For the reasons above, we deny all of Appellant's requests and motions.

{7} Appellant's memorandum in opposition repeats the same arguments asserted below and throughout the pendency of the appeal. Appellant continues to challenge the district court judge's actions below based on bias, prejudice and impropriety, but

does not point to any specific legal errors supported by authority. This Court's first and second notices of proposed disposition explain that while Appellant continuously asserts she was aggrieved below, the district court's actions were supported by law. Appellant's bare assertions and allegations of impropriety, absent supporting legal authority, do not suffice to meet her burden on appeal. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). "A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement. *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see Griffin v. Thomas*, 1997-NMCA-009, ¶ 7, 122 N.M. 826, 932 P.2d 516 ("[A]n issue is deemed abandoned where a party fails to respond to the calendar notice's proposed disposition of the issue[.]"); *Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (same).

{8}    For all of the above reasons, as well as those stated in this Court's first and second notices of proposed disposition, we affirm the district court.

{9}    **IT IS SO ORDERED.**

                                    _____
                                    **M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**JONATHAN B. SUTIN, Judge**

6