This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38454

STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,

      Petitioner-Appellee,

v.

KIMBERLY M.,

      Respondent-Appellant,

and

SAMUEL K. and AMY B.,

      Respondents,

IN THE MATTER OF LOGAN K.,
LIBERTY K., MAKENZIE K., and
ALEXIS K.,

      Children.

APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY
Matthew G. Reynolds, District Judge

Children, Youth & Families Department
Rebecca Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Georgia Garman Berrenberg
Albuquerque, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Respondent Kimberly M. (Mother) appeals from the district court's judgment terminating her parental rights. In this Court's notice of proposed disposition, we proposed to summarily affirm. Mother filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In her MIO, Mother continues to contend that the evidence was insufficient to support the termination of parental rights (TPR) judgment. Specifically, Mother contends that there was not clear and convincing evidence to support the district court's determination that (1) the causes and conditions that brought Children into custody were unlikely to change in the foreseeable future [MIO 10]; and (2) the Children, Youth and Families Department (the Department) made reasonable efforts to assist Mother [MIO 14]. Mother also maintains that without the full audio transcript of the proceedings, there is no viable way to discern the sufficiency of the evidence to support the TPR; and without the transcript, the record proper alone is insufficient to adequately determine the extent and reasonableness of the Department's efforts. [MIO 13, 16]

**{3}** While Mother states that "[this] Court based its findings solely on the district court's termination order, the accuracy of which Mother disputes[,]" [MIO 12], Mother has failed to specifically contest any of the findings made by the district court as unsupported by evidence presented at the TPR hearing. Instead, Mother merely points to evidence presented that is contrary to the findings made by the district court. [MIO 13, 16] To the extent that this contrary evidence was presented to and weighed by the district court, as acknowledged by Mother, we will not reweigh such evidence on appeal. *See State ex rel. Children, Youth & Families Dep't v. Amanda H.*, 2007-NMCA-029, ¶ 19, 141 N.M. 299, 154 P.3d 674 ("We employ a narrow standard of review and do not re[]weigh the evidence.").

**{4}** Further, although Mother maintains that assignment to the general calendar is warranted because the record proper is insufficient to evaluate the sufficiency of the evidence, she does not point to any specific findings in the district court's order that she asserts were unsupported by the evidence. *See State v. Sheldon*, 1990-NMCA-039, ¶ 5, 110 N.M. 28, 791 P.2d 479 (stating that reassignment to a non-summary calendar

is not required where it "would serve no purpose other than to allow appellate counsel to pick through the record" for possible error). Mother has not asserted any new facts, law, or argument that would otherwise persuade us that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Mother to our analysis therein.

**{5}**     Lastly, insofar as Mother's MIO does not respond to two of the issues raised in the docketing statement and addressed in the notice of proposed disposition, those issues are abandoned. *See Taylor v. Van Winkle's IGA Farmer's Mkt*., 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned).

**{6}**     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we decline to place Mother's case on the general calendar and summarily affirm the district court's order terminating Mother's parental rights to Children.

**{7}     IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Judge**

**MEGAN P. DUFFY, Judge**