927 P.2d 41

**Shirley A. TAYLOR, Plaintiff–Appellee,**

v.

**VAN WINKLE'S IGA FARMER'S MARKET, Defendant–Appellant.**

No. 17282.

Court of Appeals of New Mexico.

Sept. 16, 1996.

Certiorari Denied Oct. 29, 1996.

David I. Rupp, Alamogordo, for Plaintiff–Appellee.

Emily A. Franke, David N. Whitham, Butt, Thornton & Baehr, P.C., Albuquerque, for Defendant–Appellant.

## OPINION

BUSTAMANTE, Judge.

1. Defendant appeals from the trial court's order denying its motion under NMRA 1996, 1–060(B) to set aside a default judgment. Our second calendar notice proposed summary affirmance. Defendant filed a memorandum in opposition to the calendar notice. Not being persuaded by the arguments in the memorandum in opposition, we affirm the order of the trial court. Because the facts are clear, we deem this matter appropriate for the summary calendar. *Garrison v. Safeway Stores,* 102 N.M. 179, 180, 692 P.2d 1328, 1329 (Ct.App.), *cert. denied,* 102 N.M. 225, 693 P.2d 591 (1984).

2. *Facts and Procedural Posture* On June 24, 1994, Plaintiff filed her "Complaint for Negligence" in district court against Defendant. The complaint was served on Defendant on June 30, 1994. The complaint alleged that Plaintiff worked for Defendant and that on December 29, 1993, which was one of her days off, she went to the store to pick up her paycheck. While in the store, she slipped and fell on water that was on the floor due to a faulty sink drain in the bakery department. As a result of the fall, Plaintiff alleged she injured her knee, ankle, and back, and had been unable to work since the accident. The complaint sought damages for personal injury. The complaint was filed approximately one month after Defendant's workers' compensation carrier had denied by letter that the injury occurred within the course and scope of Plaintiff's employment.

3. By August 3, 1994, Defendant had not filed an answer, and Plaintiff took Defendant's default. In addition, Plaintiff filed a motion for a hearing to determine damages. The motion and the notice of hearing were served on Defendant's registered agent. A hearing was held, and, on September 16, 1994, the trial court entered judgment in favor of Plaintiff in the amount of $181,-518.20.

4. Almost a year later, on September 15, 1995, Defendant moved to set aside the default judgment under NMRA 1–060(B)(1) and (4). With respect to NMRA 1–060(B)(1), Defendant argued that its failure to answer was due to excusable neglect and that it had a meritorious defense, which was that Plaintiff's injury was sustained in the course and scope of her employment, *see Martinez v. Stoller,* 96 N.M. 571, 632 P.2d 1209 (Ct.App. 1981), and therefore the action was barred by the exclusivity provisions of the Workers' Compensation Act. *See* NMSA 1978, § 52–1–9 (Repl.Pamp.1991). With respect to NMRA 1–060(B)(4), Defendant argued that the default judgment was void because the district court lacked subject matter jurisdiction over workers' compensation claims. The

trial court held an evidentiary hearing on the motion. Ultimately, the trial court entered findings of fact and conclusions of law and an order denying the motion. The trial court held that it had subject matter jurisdiction over the case, that Defendant had a meritorious defense, and that Defendant's failure to file an answer was not the result of excusable neglect. This appeal followed.

5. Initially, Defendant argued both issues on appeal. However, the memorandum in opposition to the second calendar notice did not contest our proposed affirmance of the trial court's determination concerning excusable neglect. Thus, the issue is abandoned. *State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct.App.), *cert. denied*, 107 N.M. 151, 754 P.2d 528 (1988).

■ 6. Defendant continues to argue that the judgment is void because the exclusivity of Plaintiff's remedy under the Workers' Compensation Act deprives the district court of subject matter jurisdiction. Plaintiff's complaint did not seek workers' compensation benefits; it sought a judgment against Defendant based on Defendant's negligence in maintaining the premises of its store. We disagree that the judgment is void. Our Supreme Court has recently addressed the concept of subject matter jurisdiction. *Gonzales v. Surgidev Corp.*, 120 N.M. 133, 138, 899 P.2d 576, 581 (1995); *Marchman v. NCNB Texas Nat'l Bank*, 120 N.M. 74, 83, 898 P.2d 709, 718 (1995). "Subject matter jurisdiction is the power to adjudicate the general questions involved in the claim and is not dependent upon the state of facts which may appear in a particular case, or the ultimate existence of a valid cause of action." *Gonzales*, 120 N.M. at 138, 899 P.2d at 581. "A court has subject matter jurisdiction in an action if the case is within the general class of cases that the court has been empowered, by constitution or statute, to hear and determine." *Marchman*, 120 N.M. at 83, 898 P.2d at 718. The nature of the action is determined by the pleadings filed in the case by the plaintiff. *Gonzales*, 120 N.M. at 138–39, 899 P.2d at 581–82 (question is whether the kind of claim plaintiff advances falls within the general scope of authority conferred upon the court by constitution or

statute); *Marchman*, 120 N.M. at 84, 898 P.2d at 719; *State ex rel. Overton v. State Tax Comm'rs*, 80 N.M. 780, 784, 461 P.2d 913, 917 (1969).

■ 7. In this case, Plaintiff filed a tort action in district court. We think it beyond dispute that the district courts have subject matter jurisdiction over tort actions. *See Marchman*, 120 N.M. at 84, 898 P.2d at 719 (district courts are courts of general jurisdiction). Defendant's argument that Plaintiff's claim is limited to a claim for compensation benefits is an affirmative defense because it is a matter in avoidance. *Berry v. Meadows*, 103 N.M. 761, 768, 713 P.2d 1017, 1024 (Ct.App.1986) ("An affirmative defense is that state of facts provable by defendant which may bar plaintiff's right to recover."); *Bendorf v. Volkswagenwerk Aktiengeselischaft*, 88 N.M. 355, 358, 540 P.2d 835, 838 (Ct.App.), (same), *cert. denied*, 88 N.M. 319, 540 P.2d 249 (1975). Because Defendant did not file an answer and raise the affirmative defense, it was waived. *United Nuclear Corp. v. General Atomic Co.*, 93 N.M. 105, 120, 597 P.2d 290, 305, *cert. denied*, 444 U.S. 911, 100 S.Ct. 222, 62 L.Ed.2d 145 (1979). Thus, we hold that the trial court did not err in determining that it had jurisdiction over this action, and that the default judgment was not void. *See Dean Witter Reynolds, Inc. v. Roven*, 94 N.M. 273, 275, 609 P.2d 720, 722 (1980) (holding that arbitration clause in a contract did not deprive district court of jurisdiction over the action for breach of contract, but would be treated as a meritorious defense on motion to set aside default judgment).

8. In support of its position, Defendant relies on *Cruz v. Liberty Mutual Insurance Co.*, 119 N.M. 301, 889 P.2d 1223 (1995). In *Cruz*, worker filed a multi-count claim essentially alleging a bad faith breach of a workers' compensation settlement agreement. The insurer answered and raised the exclusivity issue by motion to dismiss. The district court determined on a full factual record that the Workers' Compensation Administration had exclusive jurisdiction over the matter, and the Supreme Court affirmed. *Cruz* did not address the question we face in this case, which is whether a default tort judg-

ment in favor of an employee and against an employer is necessarily void for lack of subject matter jurisdiction because the claim might have been brought before the WCA. Application of the principles set forth in *Gonzales* and *Marchman* compel the conclusion that such a default judgment is not of necessity void. *See Sundance Mechanical & Utility v. Atlas,* 109 N.M. 683, 688–90, 789 P.2d 1250, 1255–57 (1990).

9. Defendant also points to cases from other jurisdictions that, it contends, have held that when an action is barred by the exclusivity provisions of a workers' compensation statute, the trial court lacks subject matter jurisdiction. We note that the vast majority of these cases involve situations in which the employer answered the tort claim filed by the employee and the issue of the exclusivity provisions of the state's workers' compensation act was litigated and resolved on the merits. Moreover, to the extent that the holdings of these cases support Defendant's position, they conflict with holdings of our Supreme Court. This Court is bound by Supreme Court precedent. *Alexander v. Delgado,* 84 N.M. 717, 718, 507 P.2d 778, 779 (1973).

10. The trial court's order denying Defendant's motion to set aside the default judgment is affirmed.

11. **IT IS SO ORDERED.**

APODACA, C.J., and ARMIJO, J., concur.