This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NATALIA GUTIERREZ BARTON,**

    Petitioner-Appellee,

**v.**                                                                                     **No. 30,247**

**RAY HUNTER BARTON, III,**

    Respondent-Appellant.


**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela J. Jewell, District Judge**

Silva, Saucedo & Gonzales, PC
Barbara J. Koenig
Christopher T. Saucedo
Albuquerque, NM

for Appellee

The Family Law Firm, P.C.
Felissa M. Garcia
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**SUTIN, Judge.**

Husband appeals from the district court's order awarding Wife a lump-sum spousal support payment of $190,000 and ownership of the family Lexus. This Court issued a calendar notice proposing to affirm, in part, and reverse, in part. Specifically, we proposed to affirm the district court's order to the extent it awarded Wife the Lexus, and we proposed to reverse the district court's lump-sum spousal support award to Wife and remand for an evidentiary hearing on that issue. Wife has filed a memorandum opposing this Court's reversal of the lump-sum spousal support award. Husband has filed a memorandum concurring, in part, and objecting, in part, to this Court's proposed disposition. Specifically, Husband concurs in this Court's proposal to reverse the spousal support award, but objects to our proposal to remand for an evidentiary hearing on this issue. Husband does not, however, raise any objection to this Court's proposal to affirm the district court's award of the Lexus to Wife. We therefore conclude that Husband has abandoned that issue. *See Taylor v. Van Winkle's IGA Farmer's Mkt.,* 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned). We therefore affirm the district court's order to the extent it awarded Wife the Lexus. With respect to the spousal support award, we have considered the arguments of the parties and, remaining unpersuaded, we reverse and remand for a new hearing.

In this Court's calendar notice, we addressed the district court's award of spousal support as an implicit modification of the pretrial order. The pretrial order did not identify spousal support as an issue to be addressed at the trial. [RP 167-69] From the information related to this Court in Husband's docketing statement, we proposed that "the district court's rulings during the proceedings appear to indicate that it had determined not to allow a modification of the pretrial order. It further appears that the district court subsequently decided, after the conclusion of the evidence and submission of closing arguments, to consider the issue of spousal support." [CN 4] We therefore proposed to conclude that the district court's modification of the pretrial order was an abuse of discretion because "(1) the modification could not have been to conform to the evidence where the district court did not permit evidence [specifically on the issue of] spousal support to be presented; (2) the [post-trial] modification prejudiced Husband because he was not provided an opportunity to argue against spousal support during the proceedings; and (3) the modification was contrary to the purpose of pretrial orders as it confused and surprised the parties regarding what issues were before the district court." [CN 4-5 (citations omitted)] Wife opposes this Court's proposed ruling. In her memorandum in opposition, Wife notes that "[w]hen determining whether the objecting party was prejudiced if the amendment [to a pretrial order] were allowed, the court looks to such

factors as whether the objecting party had a fair opportunity to defend and whether he could have offered any additional evidence." [MIO 2 (citing *Enriquez v. Cochran*, 1998-NMCA-157, ¶ 59, 126 N.M. 196, 967 P.2d 1136)] Wife, however, contends that Husband was not prejudiced and, thus, the district court did not abuse its discretion in implicitly amending the pretrial order post trial. Specifically, Wife contends that (1) evidence relating to the factors necessary for an award of spousal support was presented indirectly with respect to issues other than spousal support, and (2) it was evident that the district court was considering the issue of spousal support based on her comments during opening arguments. [MIO 4-7]

To the extent Wife argues that the district court's comments during opening arguments should have made Husband aware that spousal support was at issue, we are unpersuaded. Wife relies on a citation to the CD log to support her argument. [RP 248, CD Log 1:10:32] However, the statement Wife refers to in the CD log is a statement by her counsel that spousal support is still on the table and is not a statement made by the district court.

To the extent Wife relies on the evidence indirectly presented on the issue of spousal support to argue that Husband already had an opportunity to present evidence on this issue, we are not persuaded that the indirect presentation of evidence in support of other issues is sufficient to satisfy Husband's right to defend against an

4

award of spousal support. Moreover, because the district court appeared to have determined during trial that spousal support was not at issue, Husband was not provided the opportunity to argue why the indirect evidence that might be considered on a spousal support claim should not be relied on by the district court in support of such an award. We therefore reverse the district court's award of spousal support for the reasons stated in this opinion and in this Court's notice of proposed disposition.

We now turn to Husband's argument that this Court should not remand for an evidentiary hearing on the issue of spousal support because Wife is barred from litigating the issues pursuant to the doctrines of res judicata and collateral estoppel. As this Court recently noted in *Alba v. Hayden*, 2010-NMCA-037, ¶ 6, __ N.M. __, __ P.3d __, "[r]es judicata and collateral estoppel . . . only apply to successive litigation and not to issues or claims raised in the same proceeding." Because Husband is challenging this Court's proposed remand of the case for an evidentiary hearing on the issue of spousal support, we conclude that Husband's argument that res judicata and collateral estoppel preclude this Court from remanding the matter for further proceedings is misplaced. Moreover, to the extent Husband is arguing that Wife had the opportunity to raise the issue of spousal support and elected not to do so [Husband's Memo 8], we are unpersuaded. Wife indicated during pretrial proceedings that the issue of spousal support was still on the table [RP 248, CD Log 1:10:32] and

attempted to elicit testimony regarding spousal support at trial. [DS 8] Moreover, the district court's rulings precluded Wife from eliciting additional testimony on this issue and indicated that the district court would not consider the issue of spousal support. To the extent Husband would have this Court bar Wife from having the opportunity to fully litigate this issue, we decline to do so.

For the reasons stated in this opinion and in this Court's notice of proposed disposition, we affirm the district court's order to the extent it awards Wife the Lexus, and we reverse the district court's order to the extent it awards Wife a lump-sum spousal support award. While based on considerations of cost and because both parties argue against remand we hesitate ordering a remand in this case. But for the reasons that follow, we remand the matter to the district court for an evidentiary hearing and for argument on the issue of spousal support.

Because of Wife's failure to clearly place spousal support on the table, we were not particularly sympathetic with Wife's plea that we simply affirm. Because it does not appear that Husband asked the district court to reconsider its findings of fact, conclusions of law, and award of spousal support, we are not particularly sympathetic with Husband's plea for relief. However, we were most concerned with the manner in which the district court handled this issue, and we are convinced that remand is fair and required. What the parties have presented shows that the parties and the district

6

court created a posture and result that is unacceptable. It appears that the parties did not or were not expected or permitted to specifically and directly present evidence for the purpose of seeking or defending against spousal support. It appears that spousal support was not litigated. The parties presented no requested findings of fact, conclusions of law, or closing argument on the issue of spousal support. It appears that the court did not inform the parties that it intended to address spousal support. Yet the court entered findings of fact and conclusions of law apparently for the purpose of supporting a spousal support award, and the court awarded a substantial amount of spousal support. The findings of fact do not appear to support a conclusion that spousal support should be awarded. The court does not appear to have considered the required factors of NMSA 1978, Section 40-4-7(E) (1997) and appears to have intended to by-pass those requirements through invocation of equity. We are presented with no authority on which the court relied for invocation of equity under the circumstances, and Wife presents no persuasive authority on appeal to support her position that equity permitted the manner in which the court made the award. For effective review, it is imperative that we remand and that a more fully and carefully developed record, with more adequate briefing, be presented to this Court.

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

tWE CONCUR:

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**ROBERT E. ROBLES, Judge**