This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                **No. A-1-CA-36286**

**ROBERT J. GALLAGHER,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}    Defendant-Appellant Robert J. Gallagher (Defendant) appeals from his

convictions of trafficking methamphetamine and conspiracy to traffic methamphetamine. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2} The pertinent background information was set forth in our notice of proposed summary disposition. We will avoid undue repetition here, and focus instead on the content of the memorandum in opposition.

{3} As an initial matter, we note that the memorandum in opposition does not challenge our proposed disposition of Defendant's ineffective assistance of counsel claim. As such, we do not address that issue any further. *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned).

{4} With respect to Defendant's evidentiary challenge, the memorandum in opposition disagrees with our proposed holding that the statement at issue was not offered for the truth of the matter asserted. [MIO 2] According to the memorandum, an informant testified that he met Defendant while staying in a hotel on May 27, 2014. [MIO 3] Defendant rented the room next door to the informant and offered to sell him some drugs. [Id.] The next day, the informant went next door to complete the

2

purchase, but a woman opened the door and told him that Defendant was not there. [Id.] The informant told the woman that he wanted to buy drugs from Defendant, and she told him that she knew someone else who could sell him drugs. [MIO 4] The woman later asked the informant to meet her at a store, where she arrived with a different male companion. [Id.] At this meeting, the woman told the informant to give her money, and that she would then go get drugs for him. [Id.] The memorandum asserts that the State intended to use the latter statement "as substantive evidence of the crimes charged against [Defendant.]" [MIO 2] Specifically, Defendant asserts that the statement was "introduced . . . with the intent to prove [Defendant's] involvement in a conspiracy with [the woman] to sell methamphetamine[]." [MIO 5] However, we fail to perceive how the statement, taken for its truth, had any relevance with respect to proving Defendant's guilt under that charge. As Defendant admits, the informant testified that the woman told him that she knew someone *other* than Defendant who could sell him drugs. [MIO 4] "[The informant] told her . . . he was looking for [Defendant] because he was going to sell [the informant] some drugs. [The women] told [the informant], 'Oh I know somebody, I have a friend.' She said she would call him on the phone." [Id.] Also, Defendant does not assert that the State did in fact use the statement for its truth at any point in the litigation. Therefore, we hold that the statement at issue was not hearsay and was, therefore, properly admitted. *See State v.*

3

*Gallegos*, 2007-NMSC-007, ¶ 26, 141 N.M. 185, 152 P.3d 828 (holding that the appellate court will affirm the district court's decision if it is right for any reason, so long as doing so is not unfair to the appellant).

{5}     To the extent the statement was inappropriately used for its truth, in our notice we proposed to hold that the error was harmless. The memorandum in opposition disagrees with our proposition. [MIO 6] Defendant admits that the State presented evidence that Defendant eventually met with the informant and "handed over" the methamphetamine, stating that he had "the best product. "[Id.] However, Defendant argues that the fact that he was convicted despite his own testimony at trial—that his involvement was in exchange for drugs for personal use and not as part of a conspiracy—proves that the jury relied on the woman's statement in reaching its verdict. [Id.] We disagree. The jury, of course, was free to disregard Defendant's version of the facts. *See State v. Foxen*, 2001-NMCA-061, ¶ 17, 130 N.M. 670, 29 P.3d 1071 (stating that the fact-finder is free to reject the defendant's version of events). In any event, the memorandum acknowledges that Defendant ultimately admitted that "he was there to transfer methamphetamine." [MIO 8] In addition, Defendant does not dispute that, after the woman offered to go get drugs for the informant, she arranged for the informant to meet yet another male who also asked for the money first. The informant refused again, and this male testified that he then

4

"facilitat[ed] the sale" by going to Defendant's house. [MIO 7] The informant testified that the male came back to the location where the informant was waiting in the same vehicle as Defendant, and that Defendant either handed or attempted to hand methamphetamine to the informant. [MIO 6] In light of this evidence, we hold that there is no reasonable probability that the woman's statement that she would go get drugs for the informant from someone other than Defendant affected his verdict. *See State v. Tollardo*, 2012-NMSC-008, ¶ 36, 275 P.3d 110 ("[N]on-constitutional error is harmless when there is no reasonable *probability* the error affected the verdict." (internal quotation marks and citation omitted)). Therefore, we affirm.

{6}    Accordingly, for the reasons stated above and in our notice of proposed summary disposition, we affirm.

{7}    **IT IS SO ORDERED.**

 

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**J. MILES HANISEE, Judge**


_____
**HENRY M. BOHNHOFF, Judge**