This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**WELLS FARGO BANK, N.A.,**

Plaintiff-Appellee,

v.                                                                      **No. A-1-CA-36946**

**KAREN M. KLINE,**

Defendant-Appellant,

and

**PUEBLO DE RODEO ROAD OWNERS ASSOCIATION, INC. and MANHATTAN CONDOMINIUM ASSOCIATION,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

Murr, Siler & Accomazzo, P.C.
James P. Eckels
Denver, CO

Holland & Hart, LLP
Larry J. Moñtano
Santa Fe, NM

for Appellee

Karen M. Kline
Santa Fe, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant Karen M. Kline appeals an adverse judgment in this foreclosure action. [DS 5] This Court issued a calendar notice proposing to affirm the judgment entered below, and Defendant has filed a memorandum in opposition to that disposition that includes a motion to amend the docketing statement to assert facts that were not included in the docketing statement. [MIO 11] Plaintiff Wells Fargo Bank, N.A. has filed a response in opposition to Defendant's proposed amendment, and Defendant followed that with a reply in support. Generally speaking, a motion to amend a docketing statement is necessary in order to raise appellate issues omitted from the original docketing statement. Where a party seeks simply to supplement the docketing statement's summary of facts, no such motion is necessary. Indeed, we regularly encourage parties to supply this Court with all relevant facts. In this appeal, however, Defendant's newly asserted evidentiary facts seem to be offered in contradiction to the findings entered by the district court. Thus, for purposes of this memorandum opinion, we construe Defendant's motion to amend to be asserting—as

2

a new issue—that the district court findings were not supported by substantial evidence. Nonetheless, having duly considered Defendant's memorandum in opposition to summary disposition, along with her motion to amend the docketing statement, we remain unpersuaded and affirm.

{2}     Although Defendant's docketing statement asserted five separate issues, Defendant concedes that one of those issues, dealing with service of process, is not a basis for reversible error. [MIO 20] Two other issues, dealing with the entry of judgment on the theories of unjust enrichment and money had and received, are not addressed in Defendant's memorandum, and we consider them abandoned. *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that where a proposed disposition is not contested in a memorandum in opposition, those issues are abandoned).

{3}     The remaining two issues each dealt with prudential standing. [DS 2-4; MIO 12-18] In particular, Defendant relies upon *Deutsche Bank National Trust Company v. Johnston*, 2016-NMSC-013, ¶ 14, 369 P.3d 1046, to correctly point out that a foreclosure plaintiff must establish its right to enforce a note under one of the three statutory categories described in NMSA 1978, Section 55-3-301 (1992). [MIO 12] Defendant then proceeds to graft onto that statute two additional requirements that a plaintiff should satisfy at the time of the complaint by arguing that the plaintiff must

elect one of those three statutory provisions before filing suit and also should identify that election in the complaint. [MIO 12-13] Put simply, there are no such requirements.

{4} Instead, a foreclosure plaintiff is simply required to establish standing. *Deutsche Bank* itself, is clear that proof of standing may be established either at the time the complaint is filed or "at some appropriate time in the litigation." 2016-NMSC-013, ¶ 23. To be sure, standing "must exist" at the time the suit is filed, but there is no requirement in New Mexico law that such standing be proven or otherwise established at that time. *Id.* ¶ 20. There is similarly no requirement that a plaintiff elect whether that standing is based upon the status of a holder in possession, the status of a non-holder in possession, or an entitlement to enforce a lost instrument prior to filing suit. *See* § 55-3-301 (establishing alternative means of entitlement to enforce a note). Instead, the law in New Mexico simply requires that a foreclosure plaintiff establish standing, by whatever means, at some point during the litigation. *Deutsche Bank*, 2016-NMSC-013, ¶ 23.

{5} As our calendar notice pointed out, Defendant's argument "seems to conflate the question of whether Wells Fargo had standing when it filed suit with the question of whether Wells Fargo established its standing at that time." [CN 3] Or, to put it another way, Defendant is arguing that standing must be established *at* the time of

4

filing suit when *Deutsche Bank* actually says that "standing must be established *as of* the time of filing suit." *Id.* ¶ 20. Thus, the relevant question is not when the plaintiff proves its standing, but simply when the plaintiff has standing. In other words, "standing to bring a foreclosure action must *exist* at the time a plaintiff files suit." *Id.* (emphasis added) (alteration, internal quotation marks, and citation omitted). The fact that standing existed at the time Plaintiff filed suit, however, can be proven in many different ways, including by way of evidence of its right to enforce an instrument that has since been lost, offered "at some appropriate time in the litigation." *Id.* ¶ 23. Accordingly, we find no error in the fact that Plaintiff proved standing by establishing its entitlement to enforce a lost instrument by way of evidence at trial.

{6}    Turning to that evidence, and also to Defendant's motion to amend her docketing statement, we note that the district court entered extensive findings of fact in connection with its judgment. [10 RP 2284-2297] Defendant takes issue with certain of those facts in an effort to establish that Plaintiff did not establish its right to enforce the lost note at issue in this trial. [MIO 4-11] In particular, she asserts that there was ambiguity as to who was in possession of the note when it was lost and whether it may have gone missing in transit between various entities that handled Plaintiff's loan documents. [MIO 4-6] Without delving too deeply into the details of those assertions, Defendant's principal argument amounts to an assertion that Plaintiff

"failed to prove that loss of possession of the [n]ote was not a result of the September 21, 2002 transfer to either FNMA or First Union." [MIO 6]

{7}    Based upon that alleged ambiguity, Defendant asserts that Plaintiff had the burden of disproving that possibility because NMSA 1978, Section 55-3-309(a)(ii) (1992) requires that "the loss of possession was not the result of a transfer by the person" claiming a right to enforce the instrument. Plaintiff seems to be suggesting that the trial evidence could have supported findings that the note was being "transferred," for purposes of Section 55-3-309, when it was lost. But the word "transfer," as used in that section requires more than a mere change of possession; instead, "transfer," as used in Section 55-3-309, is explicitly defined by New Mexico statute, which explains that "[a]n instrument is transferred when it is delivered by a person other than its issuer *for the purpose of giving* to the person receiving delivery *the right to enforce the instrument*." NMSA 1978, § 55-3-203(a) (1992) (emphasis added). The relevant facts at trial, however, dealt merely with various documents, including the note, being sent back and forth between the mostly related entities involved in servicing the note, and at no point involved any suggestion that any of those entities was purporting to deliver a right to enforce that note to any of the other parties involved. [10 RP 2287-88]

{8}     Thus, regardless of whether the note went missing while in transit between the entities involved, there is no scenario by which Defendant's theory of "loss in transit" would amount to a loss resulting from "transfer," as that term is used in Section 55-3-309(a)(ii). As a result, Defendant's theory of "loss in transit," even if established by trial evidence, would not contradict the district court's explicit finding that there was no evidence "that the loss of the original [n]ote was the result of a transfer by [Plaintiff]." [10 RP 2296, ¶ 88] Because Defendant's theory of the evidence would not change the ultimate conclusion that Plaintiff was entitled to enforce the note, her motion to amend the docketing statement is denied. *See State v. Munoz*, 1990-NMCA-109, ¶ 19, 111 N.M. 118, 802 P.2d 23 (declining to grant a motion to amend where the issue to be asserted is not viable).

{9}     Thus, for the foregoing reasons, as well as the reasons provided in our calendar notice, we affirm the judgment entered by the district court below.

{10}    **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**STEPHEN G. FRENCH, Judge**

_____
**HENRY M. BOHNHOFF, Judge**

7