This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38517

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**TERESA P.-P.,**

Respondent-Appellant,

and

**AMBROSE P.,**

Respondent,

**IN THE MATTER ELIJAH P. AND
EMMETT P.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY
Mercedes C. Murphy, District Judge**

Children, Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

The Law Office of Shasta N. Inman, LLC
Shasta N. Inman
Albuquerque, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}**     Respondent Teresa P.-P. (Mother) appeals from the district court's judgment terminating her parental rights. In this Court's notice of proposed disposition, we proposed to summarily affirm. Mother filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}**     In her memorandum in opposition, Mother contends that there was not clear and convincing evidence to support the district court's determination that the Children, Youth and Families Department (the Department) made reasonable efforts to assist Mother. [MIO 12] Mother also maintains that placement of her case on the general calendar is required because, without the full audio transcript of the proceedings, she argues there is no viable way to discern the sufficiency of the evidence to support the termination of her parental rights. [MIO 12]

**{3}**     Specifically, Mother contends that "the Department failed to provide reasonable efforts to treat her childhood trauma and domestic violence history, which likely led to substance abuse and mental health issues." [MIO 9] However, as explained in this Court's notice of proposed disposition, the Department provided several referrals to service providers for Mother to address mental health issues, and Mother failed to avail herself of these opportunities. [CN 6] To the extent that Mother argues the Department was required to provide her with an "inpatient treatment program, or at a minimum, intensive outpatient services" in order to have made reasonable efforts, we note that "[the Department] is only required to make reasonable efforts, not efforts subject to conditions unilaterally imposed by the parent." *State ex rel. Children, Youth & Families Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 27, 132 N.M. 299, 47 P.3d 859. Additionally, though Mother contends in her memorandum in opposition that evidence was presented establishing that she had difficulty attending some treatment due to the provider's distance from her residence [MIO 8, 15], as noted in this Court's proposed disposition, there was testimony from at least one treatment provider that they were willing to travel to Mother's county of residence in order to facilitate treatment. [CN 6; *see also* 3 RP 726-27] To the extent that such testimony was presented, the district court properly exercised its discretion in weighing the conflicting evidence, and we do not reweigh the evidence on appeal. *See State ex rel. Children, Youth & Families Dep't v. Amanda H.*, 2007-NMCA-029, ¶ 19, 141 N.M. 299, 154 P.3d 674 ("We employ a narrow standard of review and do not re[]weigh the evidence."). Under these circumstances, we conclude

that substantial evidence supports the district court's determination that the Department made reasonable efforts to assist Mother. *See Patricia H.*, 2002-NMCA-061, ¶ 28 ("[An appellate court's] job is not to determine whether [the Department] did everything possible; our task is limited by our statutory scope of review to whether [the Department] complied with the minimum required under law.").

{4}     Further, although Mother maintains that assignment to the general calendar is warranted in order to obtain a "complete record of the audio transcript of these proceedings[,]"[MIO 12] she fails to point to any specific findings in the district court's order that are unsupported by the evidence, instead maintaining that "[i]t is unclear from the record of these proceedings whether the Department actually provided such services as part of its case plan." [MIO13-14] *See State v. Sheldon*, 1990-NMCA-039, ¶ 5, 110 N.M. 28, 791 P.2d 479 (stating that reassignment to a nonsummary calendar is not required where it "would serve no purpose other than to allow appellate counsel to pick through the record" for possible error).

{5}     Lastly, Mother's docketing statement appeared to raise the additional issue of whether there was sufficient evidence presented at the TPR hearing that the causes and conditions of neglect were unlikely to change in the foreseeable future. *See* NMSA 1978, § 32A-4-28(B)(2) (2005). In our notice of proposed disposition, we proposed to conclude that the evidence was sufficient to support the district court's determination on this issue. [CN 5] Mother's memorandum in opposition does not respond to our proposed disposition on this issue, and thus we deem it abandoned. *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement but not contested in a memorandum in opposition are abandoned).

{6}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we summarily affirm the district court's order terminating Mother's parental rights to Children.

{7}     **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**