This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38795**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**PATRICK R. MARTINEZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Public Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from the revocation of his probation. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition to our proposed disposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant continues to argue the district court erred by choosing to believe eyewitness testimony despite contrary GPS tracking evidence. [MIO 1] As we discussed in our calendar notice, it is for the district court to

resolve conflicts in the testimony, and this Court does not reweigh evidence on appeal. [CN 3] Defendant has not otherwise asserted any facts, law, or argument in his memorandum in opposition that persuade this Court that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{3}** We also note that Defendant requests, as an alternative to reversing the revocation of his probation, that we reassign this matter to the general calendar for full briefing. [MIO 1] Because the facts are undisputed, we reject Defendant's request for reassignment to the general calendar. *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 1, 122 N.M. 486, 927 P.2d 41 (providing that when the facts are not disputed, a case may appropriately be decided on the summary calendar); *see also State v. Sheldon*, 1990-NMCA-039, ¶ 5, 110 N.M. 28, 791 P.2d 479 ("[R]eassignment to a non[-]summary calendar would serve no purpose other than to allow appellate counsel to pick through the record. It has long been recognized by this court that the appellate rules do not allow appellate counsel to pick through the record for possible error.").

**{4}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's ordered.

**{5}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**