This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38481**

**MARY H. AGUILAR, Personal Representative of the ESTATE OF SAM AGUILAR; MICHAEL E. BARRERAS; WILLIAM E. BUSCHARDT; STEPHEN CHACON; FRANK R. GONZALES; JIMMY PADILLA; ARTHUR SILVA; GENARO TAFOYA; and ABIE J. TRUJILLO,**

Plaintiffs-Appellants,

v.

**CITY OF ALBUQUERQUE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nancy J. Franchini, District Judge**

Campbell Law LLC
John Brendan Campbell
Albuquerque, NM

for Appellants

City of Albuquerque Legal Department
Esteban A. Aguilar, City Attorney
Melissa M. Kountz, Assistant City Attorney
Ian G. Stoker, Assistant City Attorney
Devon P. Moody, Assistant City Attorney

for Appellee

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

{1}     Plaintiffs appeal the district court's order granting summary judgment on Plaintiffs' fourth claim. This Court issued a calendar notice proposing to affirm the district court's order. Defendant filed a memorandum in support and Plaintiffs filed a memorandum in opposition to this Court's notice of proposed disposition, both of which we have duly considered. Unpersuaded by Plaintiffs' memorandum in opposition, we affirm.

{2}     Plaintiffs initially petitioned this Court for a writ of certiorari asking that we reverse the district court's order dismissing Plaintiffs' Rule 1-074 NMRA appeal and request for equitable relief. We issued an order denying Plaintiffs' petition for writ of certiorari and declining to exercise our discretionary jurisdiction, pursuant to Rule 1-074, to review whether the district court erred in dismissing Plaintiffs' appeal as untimely, but also construing Plaintiffs' other issue regarding equitable relief as a direct appeal. [March 27, 2020 Order p. 2, 4] In the notice of proposed disposition, we proposed to affirm the district court's order on the ground that Plaintiffs provided no authority to support their contention that a cause of action for equitable relief, not based on any cause of action, may stand on its own. [CN 4]

{3}     Plaintiffs assert in their memorandum in opposition that "the [C]ourt's proposed summary disposition does not address the crux of the district court's error, i.e. the timeliness of Plaintiff[s'] administrative appeal to the district court." [MIO 2] Plaintiffs specifically contend that their due process rights were violated and that equitable tolling should apply because the City failed to issue a written decision to six of the Plaintiffs after stating it would do so. [MIO 2-4] However, the timeliness of Plaintiffs' administrative appeal was the subject of Plaintiffs' petition for writ of certiorari, which was denied by this Court. The only issue remaining before us—whether Plaintiffs are entitled to equitable relief on the merits of their claims because they have not yet had an opportunity to be heard—was abandoned by Plaintiffs due to their failure to refute the calendar notice in their memorandum in opposition. *See Griffin v. Thomas*, 1997-NMCA-009, ¶ 7, 122 N.M. 826, 932 P.2d 516 ("[A]n issue is deemed abandoned where a party fails to respond to the calendar notice's proposed disposition of the issue[.]"); *Taylor v. Van Winkle's Iga Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned); *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("[I]n summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{4}     Accordingly, for the reasons stated above and in our notice of proposed disposition, we affirm the district court's order granting summary judgment on Plaintiffs' fourth claim.

{5}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**