This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38272**

**JOHN P. WILCOX,**

Plaintiff-Appellant,

v.

**MANAGEMENT & TRAINING CORP., JAMES FRAWNER, R. MARTINEZ, JERRY ROARK, K. BOYD, D. MORENO, and EBETH CRUZ-MARTINEZ, all in their official and individual capacities,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

John P. Wilcox
Clayton, NM

Pro Se Appellant

Sutin, Thayer & Browne, P.C.
Christina M. Gooch
Albuquerque, NM

for Management & Training, Corp.,
James Frawner, R. Martinez, K. Boyd,
and D. Moreno

Paula E. Gantz
Santa Fe, NM

for Jerry Roark and Ebeth Cruz-Martinez

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}** Plaintiff appeals from the district court's determination that it lacked jurisdiction over two named defendants, Jerry Roark and Ebeth Cruz-Martinez, due to improper service of process, and grant of summary judgment in favor of the remaining Defendants (Management & Training Corporation, James Frawner, R. Martinez, K. Boyd, and D. Moreno (Otero County Prison Facility (OCPF Defendants)). This Court's notice proposed to (1) affirm in part, on the service of process issue and (2) reverse, in part, on the basis that disputed issues of material fact existed precluding summary judgment. Plaintiff filed a memorandum in support of reversal, and in opposition to proposed affirmance of the service of process issue. OCPF Defendants did not file a memorandum in opposition to the proposal to reverse and the time for doing so has passed.

**{2}** Plaintiff opposes our proposed affirmance of the dismissal of Roark and Cruz-Martinez for improper service. [MIO 8] This Court's notice proposed affirmance on the basis that Plaintiff did not point to any evidence in the record—such as a copy of the summons to the Office of the Attorney General—he presented to demonstrate that the district court had jurisdiction. [CN 4] In response, Plaintiff refers to a form summons naming the Attorney General, Hector Balderas, and points to a handwritten notation indicating the complaint and summons were sent to the Office of the Attorney General on December 12, 2016. [MIO 8; 2 RP 263-64] However, it appears that the summons was never served, as information required on the "Return" portion of the form is blank, the "Signature of person making service" is blank, and there is no docket entry indicating that Roark and Cruz-Martinez were served. [2 RP 264] Consequently, we affirm the district court's dismissal of these defendants.

**{3}** Plaintiff does not respond to the proposed disposition of the remaining issues addressed in the calendar notice. As such, those issues are deemed abandoned. *Griffin v. Thomas*, 1997-NMCA-009, ¶ 7, 122 N.M. 826, 932 P.2d 516 ("[A]n issue is deemed abandoned where a party fails to respond to the calendar notice's proposed disposition of the issue[.]"); *Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned).

**{4}** For the reasons stated in our notice of proposed disposition and herein, we (1) affirm the district court's order dismissing Defendants Roark and Cruz-Martinez for insufficient service of process and (2) reverse the district court's grant of summary judgment in favor of OCPF Defendants and remand to the district court for further proceedings.

**{5}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**