This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40612

**WELLS FARGO BANK, N.A.,**

Plaintiff-Appellee,

v.

**WONG-LIN, INC. f/d/b/a LAMS CHINESE RESTAURANT and PHILLIP WONG,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

Snell & Wilmer L.L.P.
Gregory J. Marshall
Phoenix, AZ

Andrea M. Hicks
Denver, CO

for Appellee

Ferrance Law P.C.
David A. Ferrance
Albuquerque, NM

for Appellants

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendants appeal the district court's order granting summary judgment in favor of Plaintiff. Unpersuaded by Defendants' docketing statement, we issued a notice

proposing to summarily affirm. Defendants have responded to our notice with a memorandum in opposition. After due consideration, we remain unpersuaded and affirm.

**{2}**    Defendants do not respond to the proposed holdings in our notice that the affidavit attached to Plaintiff's motion was properly admitted [CN 1-6] and that Plaintiff sufficiently established grounds for standing. [CN 6-7] Thus, we consider these matters abandoned and do not address them further. *See Taylor v. Van Winkle's Iga Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition, are abandoned).

**{3}**    Defendants' memorandum in opposition to our notice contends: (1) statements made in the affidavit attached to Plaintiff's motion are contradicted by the very business records on which the affiant purported to rely, leaving a material question of fact [MIO 2-3]; and (2) this Court improperly ruled in *Fed. Nat'l Mortg. Ass'n v. Trissell*, 2022-NMCA-001, ¶ 2, 503 P.3d 381, *cert. denied* (S-1-SC-38867, Dec. 22, 2021), that "in New Mexico, once a plaintiff-movant has made a prima facie case on its claim alone, a defendant resisting summary judgment with an affirmative defense has the burden of demonstrating a genuine issue of material fact as to the defense." [MIO 3-5]

**{4}**    We disagree with Defendants that the business records contradict statements made in the affidavit of the loan adjustment manager. Rather, consistent with the affidavit, the business records, when considered together, show: the existence of a loan agreement between Plaintiff and Defendants [RP 51-67]; a bill and letter from Plaintiff to Defendants indicating that Defendants defaulted on the loan; the loan would not continue to be billed to Defendants monthly; and the full amount of the loan was due [RP 68-71]. Thus, Defendants have not persuaded us that there is conflict between the affidavit and the business records, such that a material fact issue remains.

**{5}**    To the extent that Defendants' arguments ask us to reconsider our opinion in *Trissell*, we decline the invitation to do so and emphasize that our New Mexico Supreme Court denied certiorari review of our opinion. *See Trissell*, 2022-NMCA-001. We also note that, in their memorandum in opposition, Defendants continue to provide no information to identify any affirmative defenses they raised; Defendants also explain neither how those defenses were properly supported nor how they demonstrated a material fact issue, despite the admonition in our notice that such omissions, alone, constitute adequate grounds for affirmance. [CN 4-5] "A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement. *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. For these reasons, Defendants do not persuade us that they asserted affirmative defenses that would defeat summary judgment.

**{6}** Based on the foregoing analysis and the proposed analysis in our notice, we affirm the district court's order granting summary judgment in favor of Plaintiff.

**{7}    IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**