This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40651

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**DYMOND SKEET,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Linda Rogers, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forberg Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant appeals from her bench trial conviction of driving while intoxicated (DWI). We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** In her memorandum in opposition, Defendant continues to argue that portions of the 911 audio admitted at trial constituted inadmissible hearsay. [MIO 2] Specifically, Defendant relies on out-of-state authority for the proposition that "the statements made

by the 911 caller did not fall under the present sense impression hearsay exception because there was no percipient witness." [MIO 2] Defendant argues that "[s]ome jurisdictions demand that an 'equally percipient witness' testify to the existence of the event or condition described in the statement to be admitted." [MIO 2] This Court does not need to rely on out-of-state authorities to decide the issue here. Our Supreme Court has explained that "[a]lthough independent corroboration is not a foundational requirement for admission, it may be a factor in the trial judge's exercise of discretion in admitting the hearsay." *State v. Flores*, 2010-NMSC-002, ¶ 54, 147 N.M. 542, 226 P.3d 641, *overrule on other grounds by State v. Martinez*, 2021-NMSC-002, 478 P.3d 880. As such, we are unpersuaded that the arguments asserted by Defendant in her memorandum in opposition impact our analysis or our disposition of the case.

**{3}**     This Court's proposed summary disposition also proposed to conclude that the metropolitan court did not err by (1) considering the 911 audio to reach its verdict [CN 6-7]; (2) denying Defendant's motion to suppress on the reasonable suspicion issue [CN 7-9]; (3) denying Defendant's motion to suppress on her probable cause argument [CN 10-11]; and (4) reasonably relying on the evidence to determine that Defendant was in actual physical control of the vehicle [CN 12-14]. Defendant, in her docketing statement, states, on each of these issues, that "the defense rests on the docketing statement." [MIO 3] As such, we consider these matters abandoned and do not address them further. *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned).

**{4}**     For the reasons stated in our notice of proposed disposition and herein, we affirm the metropolitan court.

**{5}     IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**