This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42336

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RAY RIVERA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Emilio Chavez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant appeals his conviction for second degree murder. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition. After due consideration, we remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**{2}** In his memorandum in opposition, Defendant abandons all issues except his arguments that the district court erred in allowing testimony from the substitute

pathologist, Dr. Heather Jarrell. [MIO 2] *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned). Defendant argues specifically that Dr. Jarrell's testimony was improper because the State failed to show that the pathologist who performed the autopsy was unavailable. Defendant also argues that *State v. Navarette*, 2013-NMSC-003, ¶ 22, 294 P.3d 435, on which this Court relied in the notice of proposed summary disposition, has been abrogated by the United States Supreme Court's opinion in *Smith v. Arizona*, 602 U.S. 779 (2024). [MIO 4-5] Defendant's assertions of error raise claims under the Confrontation Clause, which are reviewed de novo. *See State v. Cabezuela*, 2011-NMSC-041, ¶ 49, 150 N.M. 654, 265 P.3d 705 ("We generally review Confrontation Clause claims de novo.").

**{3}** With respect to Defendant's argument that Dr. Jarrell's testimony was improper absent a showing that the original pathologist was unavailable, we disagree. Under the Confrontation Clause, "an out-of-court statement that is both testimonial and offered to prove the truth of the matter asserted may not be admitted unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant." *State v. Smith*, 2016-NMSC-007, ¶ 42, 367 P.3d 420 (internal quotation marks and citation omitted). However, as discussed in the notice of proposed summary disposition, the record does not reflect that any testimonial statements from the nontestifying pathologist were introduced at trial. The State was therefore not required to demonstrate that the original pathologist was unavailable in order to admit Dr. Jarrell's testimony. *See Navarette*, 2013-NMSC-003, ¶ 7 (deciding that the defendant's Confrontation Clause claim rested on whether the testimony of the forensic pathologist who did not perform the autopsy relayed any testimonial statements by the pathologist who performed the autopsy).

**{4}** Defendant also contends that *Navarette* is no longer good law following the United States Supreme Court's opinion in *Smith*. [MIO 4-5] In *Navarette*, our Supreme Court held that the Confrontation Clause was not violated where a forensic pathologist who does not perform the autopsy offers an expert opinion, as long as the testifying pathologist does not merely repeat the subjective observations made by the nontestifying pathologist who performed the autopsy. The pathologist may testify to their own opinions based on their review of "photographs of the body and other raw data," but may not "rely on the conclusions or opinions of [the performing pathologist and their] original autopsy report." *State v. Gonzales*, 2012-NMCA-034, ¶ 19, 274 P.3d 151. In our notice of proposed summary disposition, we noted that the record in this case indicates that Dr. Jarrell testified that she reviewed all of the material collected and documented in the post-mortem examination of the victim and made an independent evaluation regarding the cause of the victim's death. [4 RP 1007-1010] However, nothing in the record suggests that Dr. Jarrell relied on the conclusions or opinions of the pathologist who performed the autopsy. *See id.*

**{5}** We understand Defendant to argue that *Navarette* in no longer good law in light of *Smith*. However, we need not determine whether *Navarette* conflicts with *Smith*

because this Court is bound by New Mexico Supreme Court precedent, even where it may conflict with a decision of the United States Supreme Court. *See State v. Mares*, 2024-NMSC-002, ¶ 34, 543 P.3d 1198 ("The Court of Appeals is to be governed by the precedents of this Court . . . even when a United States Supreme Court decision seems contra, or when the Court of Appeals determines that this Court would conclude that the precedent is no longer good law and would overrule it given the opportunity." (internal quotation marks and citations omitted)).

**{6}** For these reasons, and those stated in our notice of proposed disposition, we affirm.

**{7}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JENNIFER L. ATTREP, Judge**