This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-43146**

**MILBE ROSE NEGRO,**

Petitioner-Appellee,

v.

**CHRISTOPHER NEGRO,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Robert Lara, District Court Judge**

Yvonne K. Quintana Attorney at Law
Yvonne K. Quintana
Española, NM

for Appellee

Christopher Negro
Las Cruces, NM

Pro Se Appellant

## MEMORANDUM OPINION

**MEDINA, Chief Judge.**

**{1}**     Respondent appeals from an order of protection entered against him pursuant to the Family Violence Protection Act (FVPA), NMSA 1978, §§ 40-13-1 to -13 (1987, as amended through 2019). We issued a notice of proposed summary disposition proposing to affirm, and Respondent has responded with a memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm. Additionally, Respondent's motion to supplement the record, filed March 23, 2026, is hereby **DENIED**.

**{2}** Respondent initially raised issues challenging the sufficiency of the evidence to support issuance of the protective order and questioning the credibility of certain witnesses in his docketing statement. [DS PDF 4-5] In his memorandum in opposition, Respondent abandons these issues, and we therefore do not consider them any further. *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned).

**{3}** Respondent continues to argue that the district court erred in excluding certain exhibits, which he contends were relevant to proving bias and motive on the part of Petitioner and her witnesses, and provided relevant contextual information. [MIO 3] Specifically, Respondent argues that the district court erred by applying a categorical limitation on the evidence as "custody[ ]related" and refusing to consider the evidence on that basis. Respondent argues that "[r]ather than assessing each exhibit for its relevance and admissible purpose, the [district c]ourt treated an entire category of evidence as outside the scope of consideration." [MIO 2] Respondent contends that was error and requires remand for a new hearing. [MIO 4]

**{4}** We first reject Respondent's assertion that this issue is reviewed de novo. [MIO 1] Rather, "[t]he decision to exclude evidence rests within the discretion of the district court, and the court's determination will not be disturbed on appeal in the absence of a clear abuse of that discretion." *Progressive Cas. Ins. Co. v. Vigil*, 2018-NMSC-014, ¶ 13, 413 P.3d 850 (internal quotation marks and citation omitted). "An abuse of discretion occurs when the ruling is clearly against the logic and effects of the facts and circumstances of the case, is clearly untenable, or is not justified by reason." *Id.* (internal quotation marks and citation omitted).

**{5}** Respondent has failed to establish an abuse of discretion in this case. In his docketing statement, Respondent described the excluded evidence as: (1) Petitioner's "retaliatory history" and "admission to hiding marital funds exceeding $110,000," (2) evidence that Petitioner violated judges' orders regarding asset preservation and visitation, (3) video evidence that Petitioner threatened and hit the parties' child, (4) "[three] separate attempts by Petitioner to alter photographs to portray Respondent as an abusive father so she could gain primary custody and avoid paying child support," and (5) messages between Petitioner and two people "showing romantic and relational involvement, making these [two] witnesses not credible and having bias to help [P]etitioner out legally to prove themselves to her." [DS PDF 4]

**{6}** We see no abuse of discretion in the hearing officer's exclusion of these exhibits. The fact that the parties were involved in a contentious divorce and child custody proceedings was before the hearing officer, and exhibits tending to show that circumstance would appear cumulative. *See generally State v. Marquez*, 1998-NMCA-010, ¶ 24, 124 N.M. 409, 951 P.2d 1070 ("[T]he trial court in its discretion may properly exclude cumulative evidence."). And even assuming evidence relating to Petitioner's actions with respect to marital assets in the separate divorce case was relevant, the district court always has discretion to exclude otherwise relevant evidence where its

presentation results in a waste of time or the needless presentation of cumulative evidence. *See* Rule 11-403 NMRA; *see also Williams v. BNSF Ry. Co.*, 2015-NMCA-109, ¶ 25, 359 P.3d 158 (recognizing the district court's broad discretion in excluding evidence under Rule 11-403). Additionally, as noted in the notice of proposed summary disposition, the record reflects that Respondent was afforded the opportunity to cross-examine Petitioner and her witnesses regarding their motives and potential biases, and Respondent was able to put forward his theories in that regard to the hearing officer. Under these circumstances, we are of the opinion that the record is insufficient to establish that error in the exclusion of Respondent's proffered exhibits, if any, resulted in prejudice. *See Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 31, 135 N.M. 423, 89 P.3d 672 (providing that in the absence of prejudice, there is no reversible error).

**{7}**     For these reasons, we affirm.

**{8}     IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Chief Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JANE B. YOHALEM, Judge**