This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38350**

**EMBRACE HOME LOANS, INC.,**

Plaintiff-Appellee,

v.

**TINA L. SERDA a/k/a TINA FOLLO-SERDA, JAYSON M. SERDA a/k/a JAYSON MYRAN SERDA,**

Defendants-Appellants,

and

**KIRTLAND FEDERAL CREDIT UNION and MIRABELLA HOMEOWNERS ASSOCIATION, INC.,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Lisa Chavez Ortega, District Judge**

Rose L. Brand & Associates, P.C.
Eraina M. Edwards
Albuquerque, NM

for Appellee

Jayson M. Serda
Tina L. Serda
Albuquerque, NM

Pro Se Appellants

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Defendants appealed following the entry of a decree of foreclosure. We issued a notice of proposed summary disposition in which we proposed to affirm. Defendants have filed a memorandum in opposition. After due consideration, we remain unpersuaded by the assertion of error. We therefore affirm.

**{2}** We previously set forth the relevant background information. We will avoid undue reiteration here and focus instead on the content of the memorandum in opposition.

**{3}** Defendants have argued that a transfer of the mortgage, from the original lender to MERS and then back from MERS to the original lender, during the pendency Defendants' bankruptcy proceedings, violated the automatic stay and undermined the validity of the subsequent foreclosure action. [DS 4-5; MIO 1-4]

**{4}** Initially, Defendants contended that the transfer constituted a prohibited action to "perfect" a lien against their property, within the meaning of 11 U.S.C. § 362(a)(4) (1988). [DS 4] However, as we previously observed, [CN 3] it is the act of filing a mortgage which perfects the lien. *See Finch v. Beneficial N.M.*, 1995-NMSC-068, ¶ 13, 120 N.M. 658, 905 P.2d 198 (explaining that a mortgage is a written security agreement, and that the act of filing of a mortgage in the county records perfects that interest). The assignment of a preexisting mortgage does not entail the creation, perfection, or enforcement of a lien. *See id.* ¶ 7 (indicating that an assignment is an act which causes a transfer of a right or interest in property; and explaining that an assignment is not tantamount to a mortgage, which establishes a lien on legal title). Defendants' memorandum in opposition does not respond to this point or authority. As a result, we adhere to our initial assessment of this matter.

**{5}** At this juncture, we understand Defendants to alter their position. They now contend that the assignment of the mortgage constituted a prohibited "act to obtain possession" within the meaning of 11 U.S.C. § 362(a)(3). [MIO 2-3] We question whether this argument was preserved. *See generally Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 ("To preserve an issue for review on appeal, it must appear that [the] appellant fairly invoked a ruling of the [district] court on the same grounds argued in the appellate court."). In any event, we perceive no merit. As previously stated, a mortgage is simply a written security agreement. *See Finch*, 1995-NMSC-068, ¶ 13. The transfer of such a security interest, in and of itself, does not affect possession; it is the initiation of the process of foreclosure and sale which alters the right of possession. *See Mann v. Whitely*, 1931-NMSC-060, ¶ 8, 36 N.M. 1, 6 P.2d 468 (explaining that the mortgagor ordinarily remains entitled to possession until foreclosure and sale). We therefore remain unpersuaded that the transfer of the mortgage violated the automatic stay associated with Defendants' bankruptcy proceedings.

**{6}** The memorandum in opposition contains no argument relative to the other issues originally raised in the docketing statement. Further discussion is therefore

unnecessary. *See Taylor v. Van Winkle's IGA Farmer's Mkt*., 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (observing that if the memorandum in opposition does not contest a proposed summary disposition relative to specific issues, those issues are deemed abandoned).

**{7}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{8}     IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**