This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38576**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**SERGIO ARREDONDO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Conrad F. Perea, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals his convictions of criminal sexual penetration of a minor and criminal sexual contact of a minor, challenging the denial of a motion for new trial and the admission of diary entries at trial.[1] This Court issued a notice of proposed summary disposition proposing to affirm the district court because the issues raised in the

---

[1] Defendant's docketing statement also challenged the sufficiency of the evidence. As Defendant's memorandum in opposition does not address that issue, we deem it abandoned. *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that where the proposed disposition of an issue is not contested in a memorandum in opposition, that issue is abandoned).

docketing statement were not sufficiently developed for our review. [CN 5] Defendant has filed a memorandum in opposition to that disposition, asserting that evidence discovered since trial would have been relevant to a witness's credibility and recollection and that the diary entries were inadmissible as hearsay. [MIO 5, 9] Having duly considered that memorandum, we remain unpersuaded and affirm.

{2}     A motion for a new trial based upon newly discovered evidence will be granted only when, among other things, the new evidence "will probably change the result" and "could not have been discovered before the trial by the exercise of due diligence." *State v. Sosa*, 1997-NMSC-032, ¶ 16, 123 N.M. 564, 943 P.2d 1017 (citation omitted). Because motions for a new trial are disfavored, this Court will only reverse the denial of such a motion where the district court has acted arbitrarily, capriciously, or beyond reason. *Id.*

{3}     Defendant's motion was premised upon the fact that a man who had been married to the victim's mother had been accused of molesting the daughter of a previous girlfriend. [MIO 5] Defendant is not asserting that he was unaware of that fact, but instead that his counsel did not know the man's name, nor that he was convicted of criminal sexual penetration some six years prior to the events giving rise to the present case. [DS PDF 3] Defendant also asserts that he has learned that the circumstances of that offense resemble those of the crime of which he has now been convicted. [MIO 5-6]

{4}     Defendant does not inform us whether evidence related to the other man's offense was introduced at trial, but either way, we are not persuaded that this evidence would have changed the outcome of Defendant's trial. *See Sosa*, 1997-NMSC-032, ¶ 16 (requiring a probability that the new evidence would change the result at a new trial).

{5}     Further, even if the evidence would probably have changed the outcome, Defendant has not persuaded us that the evidence could not have been discovered before trial through the exercise of due diligence. Before trial, Defendant was aware of the accusations against the mother's ex-husband and that the man had died of suicide years earlier. [MIO 2, 4] In asserting that he could not have discovered the man's name, the conviction, or the details of the offense, Defendant suggests that he had no "reason to suppose that there was any substance to those allegations, much less an actual prior conviction." [MIO 7] Defendant also suggests that because the man was deceased, he could not be considered a potential witness and there was no reason to do a background check on him. [Id.] It is possible that Defendant would have more vigorously investigated the allegations against that man if he had been alive or if Defendant had known about his conviction, but that does not establish that Defendant could not have discovered these facts. Defendant's memorandum does not establish the existence of any facts that "could not have been discovered before the trial by the exercise of due diligence." *Sosa*, 1997-NMSC-032, ¶ 16. We are not persuaded that it would have been arbitrary, capricious, or beyond reason for the district court to conclude that these facts were discoverable before trial. *See id.* Accordingly, we affirm the district court's denial of Defendant's motion for a new trial.

**{6}** Defendant's docketing statement also asserted error in the admission of entries from the victim's diary, although without any explanation as to why they were inadmissible. [DS PDF 4] In his memorandum, Defendant has now explained that, although he did not object to their introduction, the entries were hearsay. [MIO 9] It thus appears that the question of whether the diary entries were admissible has not been preserved for our review.

**{7}** Pursuant to our rules of evidence, this Court "may take notice of a plain error affecting a substantial right, even if the claim of error was not properly preserved." Rule 11-103(E) NMRA. Plain error, however, only arises "if the alleged error affected the substantial rights of the accused." *State v. Montoya*, 2015-NMSC-010, ¶ 46, 345 P.3d 1056 (internal quotation marks and citation omitted). Therefore, to find plain error, we "must be convinced that admission of the testimony constituted an injustice that created grave doubts concerning the validity of the verdict. Further, in determining whether there has been plain error, we must examine the alleged errors in the context of the testimony as a whole." *Id.* (alterations, internal quotation marks, and citation omitted).

**{8}** Defendant's memorandum in opposition to summary affirmance asserts, without elaboration, that the diary entries were offered to prove that Defendant molested the victim, and not for the purpose of establishing prior consistency or inconsistency as allowed by Rule 11-801(D)(1) or (2) NMRA. We note that Defendant does not deny that the diary entries identified Defendant "as someone she had perceived earlier," which could render them admissible pursuant to Subsection (D)(3) of that same rule. More fundamentally, however, Defendant does not describe the contents of the diary entries except to say that they contained her reflections "on the incident" giving rise to the charges in this case. [MIO 3] Although Defendant used the diary entries to cross-examine the victim, he does not describe any of the victim's testimony regarding the entries, either on direct examination or cross-examination.

**{9}** In order to apply the plain error standard, this Court must "examine the alleged errors in the context of the testimony as a whole." Doing that would require knowing what testimony was elicited by both the State and Defendant in order to assess Defendant's bare assertion that the entries were not offered for purposes permitted by Rule 11-801(D)(1) or (2). Similarly, Defendant's failure to place the diary entries in the context of the testimony as a whole prevents us from assessing whether their admission might have constituted harmless error. *See State v. Lopez*, 2018-NMCA-002, ¶ 35, 410 P.3d 226 ("By its nature, harmless error would not be sufficiently prejudicial to establish grave doubts in the minds of the jury and therefore would not rise to a level sufficient to establish plain error.").

**{10}** We conclude that, having failed to provide this Court with the context necessary to assess his assertion, Defendant has not met his burden on appeal. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that the party claiming error bears the burden of showing such error); *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the trial court erred); *Hennessy v.*

*Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (holding that "in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law"). We, therefore, decline to address Defendant's unpreserved hearsay argument on appeal. *State v. Reyes*, 2002-NMSC-024, ¶ 41, 132 N.M. 576, 52 P.3d 948 (declining to review the merits of the defendant's argument on appeal because it was not preserved), *abrogated on other grounds by Allen v. LeMaster*, 2012-NMSC-001, 267 P.3d 806.

**{11}** Thus, for the reasons stated both here and in our notice of proposed summary disposition, we affirm the conviction on appeal.

**{12}  IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**