This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40902

**MELANIE BLYTHE GREENHAM,**

Petitioner-Appellant,

v.

**SANTIAGO GREENHAM-RODRIGUEZ,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Christopher G. Perez, District Court Judge**

Melanie Blythe Greenham
Los Lunas, NM

Pro Se Appellant

Santiago Greenham-Rodriguez
Rio Rancho, NM

Pro Se Appellee

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Petitioner appeals the district court's decision issuing an order granting her protection from her ex-husband, Respondent. We issued a calendar notice proposing to affirm. Petitioner filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** In the proposed summary disposition, this Court proposed to affirm the district court's decision limiting the protective order's applicability to contact between Petitioner and Respondent, while requiring that child-related custody matters be dealt with in the divorce case pursuant to NMSA 1978, Section 40-13-5(C) (2008). [CN 6] In the

memorandum in opposition, Petitioner does not argue that the district court erred in transferring child-related custody issues to the divorce case; instead, Petitioner argues that the district court "erroneously treated inter-parental contact as a child custody matter." [MIO 2]

{3}     Petitioner acknowledges that the district court had discretion to determine what contact is permissible, but seeks to distinguish "contact between the adult parties" from child custody matters. [MIO 2] That distinction does not exist in, and is not supported by, the statute. Rather, a trial court tasked with making custody determinations is responsible for considering—and defining—the ability of the parents to communicate with one another and the appropriate types of contact to be made. *See* NMSA 1978, § 40-4-9.1(B)(8), (F)(3) (1999) (requiring courts to consider the "willingness or ability of the parents to communicate, cooperate or agree on issues regarding the child's needs" when considering whether joint custody is in the best interests of the child, and authorizing courts to create parenting plans identifying "methods of communicating information about the child, transporting the child, exchanging care for the child and maintaining telephone and mail contact between parent and child"). Petitioner argues that the district court could not transfer determinations regarding necessary contact between parents seeking to perform the custody agreement, despite the district court having transferred the issue of child custody to the divorce case. [MIO 2] Petitioner's argument overlooks the fact that communication between parents is an integral part of custody determinations. *See generally Strosnider v. Strosnider*, 1984-NMCA-082, ¶ 22, 101 N.M. 639, 686 P.2d 981 (noting that "a successful joint custody arrangement requires only that the parents be able to isolate their personal conflicts from their roles as parents" (internal quotation marks and citation omitted)). As such, Petitioner's argument on this issue is unpersuasive.

{4}     Petitioner also argues the district court's transfer of custody matters to the divorce case amounts to error because the judge in the divorce case was peremptorily excused from this case. [MIO 2-3] Petitioner has cited no authority to support her argument that a judge peremptorily excused from one case loses jurisdiction to enter orders in a separate case. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *see also In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (noting requirement that arguments must be submitted with applicable authority to be reviewed on appeal, and that issues unsupported by authority will not be reviewed); Rule 12-208(D) NMRA (requiring that each issue presented be accompanied by a list of authorities supporting the contentions of the appellant). Moreover, whether it was proper for the judge in a different case to decide custody issues is not before us on appeal in this case, and although Petitioner's argument seems to imply the peremptorily excused judge might be biased, Petitioner has not actually identified any facts to support that implication. *See Albuquerque Bernalillo Cnty. Water Util. Auth. v. N.M. Pub. Reg. Comm'n*, 2010-NMSC-013, ¶ 42, 148 N.M. 21, 229 P.3d 494 (indicating that it is well settled that "adverse rulings do not constitute bias"); *United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 425, 96 N.M. 155, 629

P.2d 231 ("Rulings adverse to a party do not necessarily evince a personal bias or prejudice on the part of the judge against it[.]").

**{5}**   Finally, this Court's proposed summary disposition also proposed to conclude that Petitioner failed to demonstrate error in the district court's decision to extend the order of protection for one year rather than for Petitioner's lifetime. [CN 3-4] Petitioner concedes this point, and presents no additional argument or authority relevant to this issue. *See Taylor v. Van Winkle's Iga Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement).

**{6}**   Based on the foregoing and for the reasons stated in our notice of proposed disposition, we affirm.

**{7}   IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JACQUELINE R. MEDINA, Judge**