This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40719**

**FRED COWAN,**

Plaintiff/Counterdefendant-Appellant,

v.

**OTERO COUNTY ELECTRIC COOPERATIVE, INC,**

Defendant/Counterclaimant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**John P. Sugg, District Court Judge**

Charles E. Hawthorne
Ruidoso, NM

for Appellant

Paul R. Bishop
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Plaintiff appeals the district court's order enforcing the settlement agreement and associated encroachment and release agreements. [DS 5] In this Court's notice of proposed disposition, we proposed to affirm. Plaintiff filed a memorandum in opposition and a motion to supplement the record with a copy of the encroachment agreement, which we grant in an order filed contemporaneously herewith. Having duly considered the memorandum in opposition and the record in this case, we remain unpersuaded and affirm.

**{2}** Initially we note that Plaintiff has abandoned his Issue 1, which contended that the district court erred in granting partial summary judgment prior to the parties entering into a mediated settlement agreement. [MIO 7] *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned). Accordingly, we adopt the proposed resolution of this issue as explained in the notice of proposed disposition.

**{3}** Plaintiff's remaining Issue 2 maintains that the release and encroachment agreements drafted by Defendant's counsel do not conform to the terms of the mediated settlement agreement and are not "fair and reasonable." While Plaintiff has attempted to correct some of the deficiencies outlined in our notice of proposed disposition by explaining how the issues were preserved, supplementing the record with the encroachment agreement, and providing some nonbinding authorities relevant to the issue raised, we remain unpersuaded.

**{4}** Plaintiff maintains that "the [e]ncroachment and [s]ettlement agreements are not fair and reasonable" and "did not comply with the settlement agreement as mediated." [MIO 3, 4] Plaintiff's memorandum in opposition quotes large portions of the encroachment agreement, which Plaintiff claims do not conform to the mediated settlement. [MIO 5-6] Plaintiff again fails, however, to explain *how* or *why* the provisions are objectionable outside of the bare assertion that they are not "fair and reasonable." *See State v. Leon*, 2013-NMCA-011, ¶ 41, 292 P.3d 493 ("An assertion of prejudice is not a showing of prejudice." (internal quotation marks and citation omitted)); *see also Corona v. Corona*, 2014-NMCA-071, ¶ 26, 329 P.3d 701 ("The appellate court presumes that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred."); *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{5}** Plaintiff has failed to assert any new facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy*, 1998-NMCA-036, ¶ 24; *see State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{6}** Accordingly, for the reasons stated in this Court's notice of proposed disposition and herein, we affirm.

**{7}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JANE B. YOHALEM, Judge**