This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41366**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

       Petitioner-Appellee,

v.

**KENYA C.,**

       Respondent-Appellant,

and

**CHARLES C.,**

       Respondent,

**IN THE MATTER OF KARAH C.,
OLIVIA C., NAIARI C., AVAH C.,
and ASYAH C.,**

       Children.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
William Parnall, District Court Judge**

Mary E. McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neil, Assistant Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Marjanovic Law, LLC
Milos Marjanovic
Albuquerque, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}**     Mother appeals the district court's order terminating her parental rights as to Children. We issued a notice proposing to summarily affirm, and Mother has responded with a memorandum in opposition to our proposed analysis. We have duly considered Mother's response and remain unpersuaded. We affirm.

**{2}**     Mother's response to our notice abandons contentions in her docketing statement that the district court erred by refusing to consider a Substitute Care Review Board (SCRB) report, and that alleges she was denied the effective assistance of counsel. [DS 33, 35] *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned).

**{3}**     Mother's memorandum in opposition, instead, focuses on contentions that she should have been given more time to address the causes and conditions of Children's neglect and that the Children, Youth & Families Department (CYFD) should be required to employ further efforts to help stabilize Mother's mental health. [MIO 12-16] Mother's response to our notice does not dispute the facts upon which our proposed analysis relied and does not demonstrate legal error. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{4}**     As described in greater detail in our notice, the record proper is replete with CYFD's extensive and lengthy efforts to assist Mother to make the necessary changes, reunite the family, identify and meet the needs of Children, and maintain healthy bonds among Children and between Children and Mother. [CN 5-7; 2 RP 345-46; 446-47; 3 RP 762-64, 780; 4 RP 789-90, 797-98, 867, 1024; 5 RP 1062; 6 RP 1061-62, 1076, 1392-93, 1406, 1441-42] We remain persuaded that CYFD's efforts were more than sufficient to satisfy its statutory obligation. *See State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 28, 132 N.M. 299, 47 P.3d 859 ("[O]ur job is not to determine whether CYFD did everything possible; our task is . . . to [determine] whether CYFD complied with the minimum required under law."); *see also id.* ¶ 27 ("CYFD is

only required to make reasonable efforts, not efforts subject to conditions unilaterally imposed by the parent.").

**{5}**    Our notice also acknowledged the successes in Mother's early efforts, upon which Mother relies heavily in her response opposing affirmance. [MIO 14-16] However, the record is also clear that Mother became destabilized, stopped taking her medication, and relapsed on drugs, and her efforts diminished considerably upon the return of Charles C. in August 2020; thereafter, Mother became intransigent about her perceived lack of need for services and remained noncompliant, uncooperative, hostile, and unstable until the termination of her parental rights in July 2023. [6 RP 1397-1402, 1410-11, 1413-15, 1417] We remain persuaded that Mother's refusal to continue her efforts and engage in services does not require greater efforts from CYFD, and we are not persuaded that additional, reasonable time and effort would have led to the changes in the causes and conditions of Children's neglect that were needed in this case. *See State ex rel. Child., Youth & Fams. Dep't v. Laura J.*, 2013-NMCA-057, ¶ 39, 301 P.3d 860 ("That [the parent] did not fully participate in or cooperate with the services does not render . . . [CYFD]'s efforts unreasonable."); *see also State ex rel. Child., Youth & Fams. Dep't v. Athena H.*, 2006-NMCA-113, ¶ 9, 140 N.M. 390, 142 P.3d 978 ("The Abuse and Neglect Act requires the treatment plan to be reasonable, not a guarantee of family reunification. Even with compliance, it may not achieve its goal."). We emphasize that "[b]ecause it is important for children to have permanency and stability in their lives, termination proceedings should not continue indefinitely." *State ex rel. Child., Youth & Fams. Dep't v. Mafin M.*, 2003-NMSC-015, ¶ 24, 133 N.M. 827, 70 P.3d 1266.

**{6}**    For the reasons set forth above and in our notice, we affirm the termination of Mother's parental rights.

**{7}    IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**KATHERINE A. WRAY, Judge**