This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41106**

**WELLS FARGO BANK, N.A.,**

　　　Plaintiff-Appellee,

v.

**MARIA CRISTINA COELLO-COLON,**

　　　Defendant-Appellant,

and

**GILBERT PATRICK GONZALES and THE TRAILS COMMUNITY ASSOCIATION,**

　　　Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Victor S. Lopez, District Court Judge**

McCarthy & Holthus, LLP
Jason C. Bousliman
Albuquerque, NM

for Appellee

Maria Cristina Coello-Colon
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Appellant, a self-represented litigant, appeals from the district court's order denying Appellant's petition for certificate of redemption. In this Court's notice of proposed disposition, we proposed to summarily affirm. Appellant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** With respect to Issues A and D, in this Court's notice of proposed disposition, we proposed to conclude there was no error in the district court's requirement that the redemption statute required payment in cash, rather than paying with a bond. [CN 4] Appellant's memorandum in opposition fails to respond to this point, but continues to argue that she will post a bond via a bond company once a bond amount is set. Appellant also appears to again conflate the setting of a supersedes bond to stay the enforcement of a judgment while an appeal is pending under Rule 1-062(D) NMRA, and the requirement that the full sale price of a property must be deposited in cash with the district court in case in order to satisfy New Mexico's redemption statute, NMSA 1978, Section 39-5-18(A) (2007). [MIO 3] We explained this difference to Appellant in our notice of proposed disposition [CN 3-4] and Appellant's reiteration of this argument is insufficient to demonstrate error in our analysis of this point. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. As a result, we conclude that Appellant has failed to demonstrate error on this point. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

**{3}** Appellant's memorandum in opposition goes on to cite and discuss a myriad of foreclosure cases to support her general assertion that "[t]he focus has shifted, whether or not the courts and the holders of mortgages accept it, from 'the lender is always right' to 'too often the lender is wrong,' in the wake of a chain of cases designed to curb lender abuse, starting in 2014." [MIO 5] Without expressing an opinion on Appellant's general statement, we note that none of the authorities cited appear to have any bearing on the specific issue of whether it was proper for the district court to order that Appellant must deposit cash, and not a bond, to satisfy the redemption statute. As such, they do not assist Appellant in carrying her burden to demonstrate error in our notice of proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{4}** As to Issue C, Appellant contests the proposed affirmance by stating that this Court has "recite[d] boilerplate about preserving error without any indication that the author has done more than merely recite that the Court 'can rely on the presumption of correctness where the deficiencies in the docketing statement would otherwise require us to speculate about the factual or legal grounds supporting her assertions of error.'" [MIO 8] Despite this assertion, Appellant again fails to provide any indication of how she preserved the arguments, nor any of the factual underpinning necessary to determine

whether the district court erred in any way when it set the redemption amount. It appears Appellant misunderstands her burden on appeal, and we remind her that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact." *See Mondragon*, 1988-NMCA-027, ¶ 10.

{5}     As to Issue B, Appellant originally asserted that it was error for the district court not to inquire into the absence of Appellant's trial counsel. [DS 8] In our notice of proposed disposition, we proposed to affirm because there was no indication that this issue was preserved before the district court, *see* Rule 12-208(D)(4) NMRA, and because Appellant failed to cite any authority supporting this assertion of error, *see* Rule 12-208(D)(5). In her memorandum in opposition, Appellant again fails to explain how she preserved this issue for our review, nor does she cite any relevant authority that would establish error on the part of the district court for failing to inquire as to the status of Appellant's trial counsel in the absence of any request to withdraw or for a continuance of any kind. Instead, Appellant continues to express her dissatisfaction with trial counsel and state that she is "not liable to lose her redemption rights merely because her lawyer did not perform." [MIO 10] In addition, Appellant acknowledges the statement made by this Court in our notice of proposed disposition that "Appellant is not entitled to the right to counsel in this civil case" but insists, without out any legal support, "when [Appellant] engaged counsel, she had a right to expect counsel to be beneficial." [MIO 9] This contention is unpreserved, undeveloped, and not supported by any relevant authority. *See* Rule 12-208(D)(4), (5); *see also Corona*, 2014-NMCA-071, ¶ 28. Consequently, this Court is unable to engage in any meaningful appellate review of this contention, and we rely on the presumption of correctness to conclude there is no reversible error on this point. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the district court, and the party claiming error bears the burden of showing such error).

{6}     Finally, Appellant has abandoned the error originally asserted in Issue E, and we need not address it further. *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned).

{7}     For the foregoing reasons, we affirm.

{8}     **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**KATHERINE A. WRAY, Judge**