This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41621

**MAURO S. NAVA,**

Plaintiff-Appellant,

v.

**OLENA MCCORMICK a/k/a**
**OLENA DZIUBA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Joshua Allison, District Court Judge**

Mauro Nava
Albuquerque, NM

Pro Se Appellant

Business Law Southwest
Shay Elizabeth Meagle
Brittany Sayer
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Plaintiff Mauro S. Nava appeals from the district court's order dismissing his remaining claims with prejudice and granting Defendant Olena McCormick's counterclaim for breach of contract. This Court issued a calendar notice proposing to affirm. Plaintiff filed a memorandum in opposition and two addenda and Defendant filed a memorandum in support, all of which we have duly considered. Unpersuaded, we affirm. Additionally, we deny Plaintiff's motion for stay of execution of the judgment

under Rule 12-207(B) NMRA. Although filed in this Court, our review shows that the district court has granted Plaintiff's request for relief. Further, for the same reasons stated herein, we deny Plaintiff's motion to remand to the district court.

**{2}** Plaintiff maintains that the district court erred by dismissing his remaining claims with prejudice because Plaintiff needed more time to gather information to support his claims through the discovery process. [MIO PDF 2-4] In this Court's notice of proposed disposition, we noted that "[i]t appears from the record that following the filing of the complaint in April . . . 2022, Plaintiff did nothing in furtherance of [his] additional claims." [CN 4] Additionally, we noted that Plaintiff made no attempt to engage in discovery until July 2023, and Plaintiff admitted he did "not meaningfully participate[] in the litigation of his claims." [CN 5] We proposed to conclude that Plaintiff failed to establish reversible error and to affirm the district court.

**{3}** In response, Plaintiff does not direct this Court to any new fact, law, or argument that persuades us that our notice of proposed disposition was incorrect. Rather, Plaintiff only asserts that his counsel "neglected his duties" by failing to file Plaintiff's interrogatories. [MIO PDF 2] Plaintiff's argument ignores the opportunity Plaintiff was given to direct this Court to error in our proposed resolution of this issue. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Plaintiff to our previous analysis in our proposed summary disposition.

**{4}** Plaintiff also continues to dispute the facts relied on by the district court in granting summary judgment on Defendant's counterclaim as well as by this Court in proposing to affirm the district court [First Addendum PDF 3, 7], and attempts to present new factual information not considered by the district court. [Second Addendum PDF 1-2] This Court proposed to affirm the district court based on the undisputed material facts established by Defendant's motion for summary judgment and Plaintiff's response. Plaintiff's memorandum again does not direct this Court to any new fact, law, or argument presented to the district court to establish how the district court erred in adopting Defendant's undisputed material facts. To the extent Plaintiff's second addendum presents new factual information that may create a dispute, this information was not presented to the district court. Our review is limited to only the information and arguments presented to the district court at the time. *See Trujillo v. Presbyterian Healthcare Servs., Inc.*, 2024-NMCA-004, ¶ 22, 539 P.3d 1216 ("We review the case litigated below, not the case that is fleshed out for the first time on appeal." (text only) (citation omitted)); Rule 1-056(D) NMRA (requiring the motion's facts be "deemed admitted unless specifically controverted" by the response). Additionally, Plaintiff provides no citations to the record to establish how these facts may have been

disputed. [First Addendum PDF 3] We are therefore unpersuaded that Plaintiff's argument impacts our analysis and disposition of the case. *See Hennessy*, 1998-NMCA-036, ¶ 24. As such, Plaintiff has not met his burden of demonstrating error in this regard.

**{5}**    Finally, Plaintiff has abandoned his claims that the district court failed to consider his untimely affidavits at the summary judgment stage and failed to toll the statute of limitations on his claims. [MIO PDF 1-4; First Addendum PDF 1-3] As such, we need not address these claims of error further. *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned).

**{6}**    For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{7}**    **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**