This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42522

JOHN MILLIGAN, as Trustee of the
MILLIGAN TRUST,

      Plaintiff-Appellant,

v.

CALISTER HOLDING COMPANY,
INC., a Wyoming Corporation;
CALVIN DEVON EDMOND, JR.,
an individual; and DOES 1 through
20, inclusive,

      Defendants-Appellees,

and

SAGE OPTIMUM SERVICES, LLC,
and WHITNEY FRIEDRICH,

      Intervenors-Appellees.

APPEAL FROM THE DISTRICT COURT OF BERNALLILO COUNTY
Erin B. O'Connell, District Court Judge

John Milligan
New York, NY

Pro Se Appellant

Spann, Hollowwa & Artley P.C.
Sean K. Hollowwa
Albuquerque, NM

for Intervenors-Appellees

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** Plaintiff appeals from the district court's grant of Intervenors' motion to dismiss Plaintiff's claim for ownership of an earnest money deposit (EMD) from a terminated purchase and sale agreement under the preclusion doctrine of res judicata in district court case D-202-CV-2024-00325 based on litigation between Plaintiff and Intervenors in district court case D-202-CV-2023-01203. We note that we use the party indicators in case D-202-CV-2024-00325 as the case that is on appeal. This Court issued a calendar notice proposing to affirm. Plaintiff filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Plaintiff maintains that the district court erred in applying res judicata because Plaintiff was not the same party in both cases. Intervenors sued Plaintiff in case D-202-CV-2023-01203 as "John Milligan, as trustee of the Patricio Milligan and Lilly R. Milligan Trust, under trust dated October 27, 2004," whereas Plaintiff sued Defendant in the instant case as "John Milligan, as trustee of the Milligan Trust," the same name that Plaintiff used to sign the terminated purchase and sale agreement. [MIO 5-9] Plaintiff now contends that we misapplied our definition of privity [MIO 6-9], the district court lacked jurisdiction over him [MIO 5], and cites to various duties and responsibilities of trust representatives, asserting that our proposed conclusion must be in error because it might show that Plaintiff was possibly violating these duties. [MIO 5-8]

**{3}** This Court proposed to affirm the district court's grant of Intervenor's motion to dismiss under res judicata on two grounds. First, despite Plaintiff's repeated, technical case caption argument, it "appear[ed] from the record that Plaintiff held himself out" as the same party in both cases. [CN 4] "Plaintiff argu[ed] that the elements of res judicata—including the element that the parties must be the same between the two cases—are met such that Intervenors should be barred from pursuing their claim in case D-202-CV-2023-01203 after intervening in case D-202-CV-2024-00325." [CN 4] Second, it appeared that Plaintiff as representative of both trusts were in privity for purposes of res judicata because "Plaintiff [as representative of each trust] assert[ed] the same interest in the EMD based on identical facts" repeatedly in both district court cases. [CN 5] As such, "there [was] a concurrent relationship to the same property right and the interests [were] substantially the same regardless of the party caption," and "the trusts are sufficiently in privity to be considered the same party for purposes of res judicata." [CN 5]

**{4}** Despite Plaintiff's repeated assertions of error, Plaintiff does not specifically address this Court's analysis in its proposed disposition that Plaintiff is the same party based on his own representations to the district court and identical assertion of interest in the EMD, regardless of which trust he is representing. Rather, Plaintiff continues to assert the same argument that this Court has already addressed—Plaintiff cannot be the same party because of the different case captions. We also find Plaintiff's contention that the district court lacked jurisdiction over him in the suit he initiated to be

unpersuasive. Finally, we find Plaintiff's citations to various statutes outlining the duties of a trust representative inapplicable to this appeal. Whether Plaintiff fulfilled his obligations as a representative to either trust is not at issue in this case.

**{5}** As such, Plaintiff does not direct this Court to any new fact, law, or argument that persuades us that our notice of proposed disposition was incorrect. Rather, Plaintiff's arguments reassert the same contentions and do not direct this Court to error in our proposed resolution of this issue. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Plaintiff to our previous analysis in our proposed summary disposition.

**{6}** Plaintiff also maintains that the district court erred in denying his motion for default judgment against Defendant. [MIO 9-10] Plaintiff argues that default should only be denied when a defendant seeks relief, and this Court's proposed decision allows Intervenors to interject into a breach of contract case where Intervenors were not a party to the contract. [MIO 9-10] This Court proposed to affirm because "Intervenors moved to enter the case asserting the same interest as Plaintiff in the EMD and Plaintiff was actively engaged in litigation in a separate district court case to determine who possessed the right to the EMD" in conjunction with New Mexico's general disfavor of default judgments. [CN 8-9]

**{7}** Despite Plaintiff's assertion that Intervenors were not a party to the contract at issue, Plaintiff does not contest that the EMD was at issue in case D-202-CV-2024-00325, that Plaintiff and Intervenor asserted the same interest in the EMD, or that Plaintiff and Intervenor were engaged in litigation in a separate case to determine ownership of the EMD—all of which the district court considered when denying Plaintiff's motion for default judgment and to determine ownership. Plaintiff has therefore not cited to any new fact, law, or argument that persuades us that our notice of proposed disposition was incorrect. *See Hennessy*, 1998-NMCA-036, ¶ 24; *Mondragon*, 1988-NMCA-027, ¶ 10.

**{8}** Finally, Plaintiff has abandoned his claims that the district court erred by: (1) granting Intervenors' motion to intervene; and (2) erred by rejecting his request to amend his complaint to include various fraud and misrepresentation-based claims. [MIO 5-11] As such, we need not address these claims of error further. *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned). Because we remain unpersuaded that our previous analysis in our proposed summary disposition was incorrect, we decline to

address Plaintiff's arguments as to why the general calendar would be more appropriate for Plaintiff's appeal. [MIO 11-13]

**{9}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{10} IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**ZACHARY A. IVES, Judge**