This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42386**

**JUANITA SALAZAR,**

Plaintiff-Appellee,

v.

**HANS WILLIAM VOSS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Victor S. Lopez, District Court Judge**

Law Offices of David M. Houliston
David M. Houliston
Albuquerque, NM

for Appellee

Hans Voss
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**BACA, Judge.**

**{1}** Defendant, a self-represented attorney, appeals from the district court's order denying his motion to compel arbitration. This Court issued a calendar notice proposing to summarily affirm. Defendant filed a memorandum in opposition that we have duly considered. Unpersuaded, we affirm.

**{2}** Initially, Defendant's amended docketing statement raised three appellate issues. Defendant's memorandum in opposition does not contest our proposed affirmance of the district court's ruling for two of those issues: Defendant's issues A and C. [MIO 1].

Thus, those issues are abandoned. *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{3}     As to issue B, Defendant's remaining claim, we understand Defendant to clarify his contention that this Court should partially overrule *Castillo v. Arrieta*, 2016-NMCA-040, 368 P.3d 1249. [ADS 9; MIO 2-3] Defendant now argues that the heightened informed consent requirements outlined in *Castillo*, 2016-NMCA-040, ¶¶ 15-27, should not apply when an offer of representation incorporates the New Mexico Uniform Arbitration Act (UAA), NMSA 1978, Sections 44-7A-1 to -32 (2001). [MIO 2-3]

{4}     Defendant claims that incorporating the UAA into an offer of representation satisfies the informed consent concerns identified in *Castillo* because provisions of the UAA do not restrict parties choosing to arbitrate from sometimes receiving broad discovery and provide for direct appeals of certain district court arbitration orders. [MIO 3] We disagree. Reference to provisions of the UAA stating important rights that a party choosing to arbitrate may be entitled to is not the equivalent to informing a client of the important rights that he or she will *waive* by arbitration. *See Castillo*, 2016-NMCA-040, ¶ 23 ("At a minimum, the attorney should inform [their] client that arbitration will constitute a waiver of important rights, including, . . . potentially the right to broad discovery, and the right to an appeal on the merits."); *cf. Horne v. Los Alamos Nat. Sec., L.L.C.*, 2013-NMSC-004, ¶ 44, 296 P.3d 478 (explaining that "courts are to have a limited role in interpreting arbitration awards," and noting that parties "who agree to have their disputes resolved through arbitration cannot later relitigate the merits of the arbitrated issues"); *United Nuclear Corp. v. Gen. Atomic Co.*, 1979-NMSC-036, ¶ 48, 93 N.M. 105, 597 P.2d 290 ("As a general rule, discovery is very limited in arbitration proceedings.").

{5}     Defendant's memorandum in opposition has not otherwise asserted any fact, law, or argument that persuades us that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

{6}     **IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**JANE B. YOHALEM, Judge**