This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-43165

**JOANNE MARES, on behalf of SANTIAGO GARCIA, CORTEZ GARCIA, VICTORIA GARCIA, and LIBERTY MONET GARCIA,**

Petitioners-Appellees,

v.

**NICOLE VICTORIA MARES,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Denise M. Thomas, District Court Judge**

Joann Mares
Santa Fe, NM

Pro Se Appellee

Nicole Victoria Morales
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**MEDINA, Chief Judge.**

{1}     Respondent appeals from the district court's order of protection. We issued a calendar notice proposing to affirm. Respondent filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

{2}     Respondent continues to assert that the district court abused its discretion in denying Respondent's motion for continuance. [MIO 1] In further support of her

argument, Respondent states that her request for continuance was in writing. [MIO 1] Respondent also states that she told the district court that the "officer who authored the [police] report was unavailable." [MIO 1] Respondent states the officer was "the only neutral witness capable of confirming there was no criminal conduct, no AirTag, and no active investigation." [MIO 1]

**{3}** We first note that no written request for continuance appears in the record proper. [RP 67-118] We also note that Respondent wrote in the docketing statement that an officer attended the hearing and testified that "the police report was non-active and that there was no evidence of crime . . . [and] that there was no confirmed evidence of tracking devices." [DS PDF 4] Assuming the testifying officer was not the unavailable officer, we cannot say the district court abused its discretion in denying a continuance to allow Respondent to present cumulative testimony from a second officer. *See* Rule 11-403 NMRA (giving the district court discretion to exclude cumulative evidence); *City of Albuquerque v. Westland Dev. Co.*, 1995-NMCA-136, ¶ 27, 121 N.M. 144, 909 P.2d 25 (stating that the district court did not abuse its discretion in excluding testimony about a matter where other witnesses had testified to substantially the same matter).

**{4}** Respondent maintains that a voicemail was improperly admitted and that her parental and due process rights were violated. [MIO 1, 2] Respondent cites no new facts, authority or argument in support of these issues. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore remain unpersuaded that Respondent has demonstrated that the calendar notice was in error on these issues.

**{5}** Respondent maintains that the district court's order was not supported by sufficient evidence. [MIO 2] In her memorandum in opposition, she describes the evidence of her sobriety that was provided to the district court, and she continues to assert that the district court did not properly weigh this and other evidence. [MIO 2] These additional facts do not persuade us that the district court erred in finding that an act or acts of domestic abuse occurred. *See Jones v. Schoellkopf*, 2005-NMCA-124, ¶ 8, 138 N.M. 477, 122 P.3d 844 ("[W]e review the evidence in the light most favorable to support the [district] court's findings, resolving all conflicts and indulging all permissible inferences in favor of the decision below."). Moreover, "[w]e will not reweigh the evidence nor substitute our judgment for that of the [district court]." *See Clark v. Clark*, 2014-NMCA-030, ¶ 26, 320 P.3d 991 (internal quotation marks and citation omitted).

**{6}** Respondent does not respond to our proposed conclusions (1) that the district court did not err in declining to enforce court orders related to religious attendance and other parenting terms, and (2) that court orders related to kinship guardianship and payment of guardian ad litem fees are not reviewable in this appeal. [CN 7, 9] As a result, we deem these issues abandoned. *See Taylor v. Van Winkle's IGA Farmer's*

*Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (explaining that where a party has not responded to this Court's proposed disposition of an issue, that issue is deemed abandoned).

**{7}** We conclude that Respondent has not demonstrated error in our proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, we affirm for the reasons stated in our notice of proposed disposition and in this memorandum opinion.

**{8}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Chief Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**